## CAHN v. WESTERN UNION TEL. Co.

*(Circuit Court, E. D. Mississippi. April 21, 1891.)*

**1. FAILURE TO DELIVER TELEGRAM—MEASURE OF DAMAGES.**
Remote, contingent, or speculative damages will not be allowed, but only such as naturally flow from the breach of the contract.

**2. SAME.**
Where a telegraph message directed the sale of 200 shares of Tennessee Coal & Iron Company stock, and the defendant company failed to deliver the same to the sendees for several days after it should have been delivered, and the plaintiff did not in fact own any stock in said company, and no transaction was made, he is not entitled to recover the difference between the market value of said stock on the day when the telegram should have been delivered and the day when it was actually delivered.

**3. SAME.**
There being no evidence in the record tending to show that it was the intention of the plaintiff to repurchase a similar amount of stock on the 28th of February, or at any subsequent date, the defendant company cannot be held liable for a breach of contract which was neither made nor within the reasonable contemplation of the parties upon the day of sending the telegram.

At Law.

The plaintiff by his office boy sent to the defendant's agent at Columbus the following telegraphic message, written upon one of the blanks of the company used in sending night messages, to-wit:

"COLUMBUS, MISS., Feb. 20, 1890.

*"To Messrs. Latham, Alexander & Co., New York City:* Sell two hundred Tenn. Coal & Iron.
[Signed] "E. CAHN."

The message was promptly sent from the defendant's office at Columbus, but, owing to some irregularity at Memphis, Tenn., (a relay station,) it was negligently sent to Conway, Ark., and failed to reach the sendees until the 28th February, 1890, whereupon the sendees declined to receive the same, and immediately notified the plaintiff of the fact.

The plaintiff declares in tort, and seeks to recover as his damage the sum of $3,775.75, and interest, upon the theory that he was entitled to the difference between the market value of the stock upon the day when the telegram should have been delivered and the day upon which it was actually delivered.   The defendant interposed the general issue, accompanied with two special pleas, viz., that the plaintiff failed to present his claim within 30 days in writing, and that it was a wager contract. It was developed by the testimony that plaintiff did not have in the possession of Latham, Alexander & Co. 200 shares of the Tennessee Coal & Iron Company's stock at the time he sent the telegram, or between the time of sending it and the time of its delivery, on the 28th of February, 1890; also, that he had securities in the hands of his said brokers, to indemnify them in case of loss in stock transactions.   Plaintiff did not offer to prove that it was his intention to purchase 200 shares of Tennessee Coal & Iron stock on the 28th, or at any subsequent period after sending his message.   The defendant on the above facts moved the instruction to the jury that they could only find a verdict for the amount of the telegram, and interest from February 21, 1890, at 6. per cent.

*Humphries & Sykes,* for plaintiff.

*Sykes & Richardson,* for defendant.


HILL, J.   This action is brought by the plaintiff against the defendant company for damages by reason of an alleged breach of contract in failing to transmit in due time the following message:

"COLUMBUS, MISS., Feb. 20, 1890,

"*To Messrs. Latham, Alexander & Co., New York:* Sell two hundred Tenn. Coal & Iron.

[Signed]                              "E. CAHN."

—to which the defendant has interposed the general issue of not guilty, which casts upon the plaintiff the burden of proving that the message was delivered to defendant's agent, and was not delivered in due time to the sendees.   It is admitted that it was delivered to defendant's agent at Columbus, and the price of the message (30 cents) paid for its transmission to Latham, Alexander & Co., of New York.   It is also admitted that it was not delivered to Latham, Alexander & Co. until the 28th day of February, 1890, which was not a prompt delivery, or in due time, and which failure was a breach of the contract, and entitles the plaintiff to a verdict for the actual damage sustained.

The plaintiff alleges in his declaration that if the message had been delivered on the 21st of February, 1890, the said brokers would have sold the 200 shares of stock at $73 per share, and that on the 28th of February, 1890, when the message was received, the same number of shares could have been bought at $55 per share.   It being admitted that the face value of said stock was $100 per share, the plaintiff thus claimed the difference between $73 and $55 per share upon the 200 shares as the measure of his damage.   It is admitted that the plaintiff did not own or have in the possession of his said brokers on the 21st of February, 1890,

or at any time between that date and the 28th of February, 1890, or have under the control of the said brokers, any stock of the Tennessee Coal & Iron Company, but it is contended by defendant that he did have securities in their hands to indemnify them for losses in transactions had for him. The plaintiff not having the stock in the hands of his brokers, and his telegram being an order to sell something he did not own, and it being admitted that if the telegram had been delivered in time the brokers would have sold, still there could have been no actual loss to plaintiff. The brokers would necessarily have gone into the market and purchased at the market price, viz., $73, or used their own stock, or the stock of others, which is the same thing, and of the same value; hence it would have been a purchase and a sale of the stock on the same day, and at the same price, and there could be no loss or damage predicated on this transaction. But plaintiff goes another step, and bases his claim on the idea that he might have repurchased stock on the 28th day of February, 1890, the day of the actual delivery of the telegram, and was *ipso facto* entitled to the benefit of the market on that date. The order made in the message was to sell said shares of stock, and no direction was given to make a purchase of a similar amount of the stock at any time, and the defendant, in the absence of testimony, is not presumed to know that a repurchase of said stock was contemplated by the plaintiff. Such a presumption would be equivalent to importing a new feature into the contract,—the making of a new contract,—such as did not reasonably enter into the minds of the parties, and was not contemplated by them at the time of sending the message, which is the foundation of the suit. I think the claim for damage is too remote, uncertain, and speculative, and am of the opinion that the proper measure of damage is the price paid for the telegram, to-wit, 30 cents, with interest from the 20th day of February, 1890, to date; and the court will instruct the jury to so find. See the following: *Hadley* v. *Baxendale*, 9 Exch. 341; *Griffin* v. *Colver*, 16 N. Y. 489; *Telegraph Co.* v. *Hall*, 124 U. S. 483, 8 Sup. Ct. Rep. 577; *Smith* v. *Telegraph Co.*, 83 Ky. 104; *Cannon* v. *Telegraph Co.*, 100 N. C. 300, 6 S. E. Rep. 731; *Telegraph Co.* v. *Clifton*, (Miss.) 8 South. Rep. 746.