## UNITED STATES v. BEATTY.

(Circuit Court, D. Vermont. March 8, 1894.)

1. MAILS—USE OF, TO DEFRAUD—FALSE PRETENSES—INDICTMENT.
    An indictment for using the mails in furtherance of a scheme to obtain money by false pretenses alleged that defendant sent to one S. a circular which was set out in substance, and which stated that an organ of particular description, worth $150, would be sent to him for $33, warranted for ten years, and to be returned within three years if not satisfactory, in which event the money would be refunded. The indictment then alleged, in substance, that defendant intended to induce S. to believe that an organ would be delivered to him of the character, and upon the terms, described, whereas he did not intend to perform the representations contained in said circular, but did intend to obtain the said sum of $33 by means of the said false pretenses. Held, that the scheme was set out with sufficient particularity and detail.

**2. SAME—IMMATERIAL ALLEGATIONS.**

   Such indictment is not rendered insufficient by its failure to set out portions of the circular which it alleges are immaterial.

**3. SAME—PARTICULARITY.**

   And where it alleges that the intent was to send an organ of a different character from that described in the indictment, and of less value, it is not necessary that it should specify the said differences.

**4. SAME—PAST TRANSACTIONS.**

   A count in such indictment which does not set up a scheme for obtaining money thereafter under false pretenses, but only alleges false representations in the matter of money already obtained, is bad on demurrer.

At Law. Indictment against Daniel F. Beatty for using the United States mail with intent to defraud. On demurrer and motion to quash.

John H. Senter, U. S. Atty.

Charles M. Demond, for respondent.

WHEELER, District Judge. This cause has been heard upon a motion to quash, and demurrer to, an indictment in two counts,—one for causing a circular, and the other a letter, concerning a scheme devised for obtaining money under false pretenses, to be delivered by mail to one Ned E. Sawyer at Reading, in this district. The principal ground relied upon is that such a scheme, with criminal false pretenses, is not sufficiently set out. That the particulars of the scheme and false pretenses must be set out, and that charging an offense in the general words of the statute is not sufficient, seems to be well settled. U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571. In the first count, however, the circular, in substance, "apart from other printed and illustrated matter not here material," is set out, and shows a cut of a handsome organ, said to be built of solid black walnut, durable and neat in appearance, having ten full stops, the catalogue price of which was $150, which would "be sent, with stool and book, upon receipt of your check for only $33;" warranted for ten years, to be manufactured from the choicest material the market affords or ready money can buy, and to be returned at any time within three years, "if you are not entirely satisfied, at our expense, and we will promptly refund you your money at 6 per cent." The intention of the respondent that Sawyer, by means of said printed circular and the cuts, pictures, illustrations, and representations therein made and being, should be led to believe that, upon payment of the sum of $33, the respondent would deliver to him such a parlor organ upon those terms, is set forth, and the charge proceeds:

"Whereas, in truth and in fact, the said Daniel F. Beatty did not then and there intend, upon the payment of thirty-three dollars to him, the said Daniel F. Beatty, by said Ned E. Sawyer, to deliver to said Ned E. Sawyer a parlor organ of the style named, described, represented, illustrated, and set forth in said circular hereintofore set out and set forth, but did intend to obtain the said sum of thirty-three dollars from said Ned E. Sawyer by means of said false pretense, and to deliver and send to the said Ned E. Sawyer an organ essentially different from the organ and instrument of music named, described, represented, illustrated, and set forth in said circular hereintofore set out and set forth; and whereas, in truth and in fact, the said Daniel F.

Beatty did not then and there intend, upon the payment of thirty-three dollars to him, the said Daniel F. Beatty, by said Ned E. Sawyer, to warrant the organ which he, the said Daniel F. Beatty, did then and there intend to deliver to the said Ned E. Sawyer, in the manner, and to the extent, named in said circular hereintofore set forth, by a good, sufficient, adequate, and valuable warranty, but did then and there intend to obtain the said sum of thirty-three dollars from said Ned E. Sawyer, by means of said several false pretenses, without making any adequate, sufficient, and valuable warranty to the said Ned E. Sawyer; and whereas, in truth and in fact, the said Daniel F. Beatty did not then and there intend, upon the payment of thirty-three dollars to him, the said Daniel F. Beatty, by said Ned E. Sawyer, if at any time within three years from the date of the delivery to him, the said Ned E. Sawyer, of said organ, he, the said Ned E. Sawyer, was not entirely satisfied with said organ, that he, the said Ned E. Sawyer, should return to said Daniel F. Beatty said organ at the expense of said Daniel F. Beatty, nor, if said organ was so returned to him, the said Daniel F. Beatty, did he intend to refund to the said Ned E. Sawyer the said sum of thirty-three dollars, and interest thereon at six per cent. from the date of the payment of said thirty-three dollars to said Daniel F. Beatty by said Ned E. Sawyer, but the said Daniel F. Beatty did then and there intend to obtain the said sum of thirty-three dollars from said Ned E. Sawyer by means of said several false pretenses, and did intend, then and there, not to return said sum of thirty-three dollars to said Ned E. Sawyer at any time, nor for any cause. * * * And so the grand jurors aforesaid, upon their oaths aforesaid, do say that in the manner, and by the means, aforesaid, the said Daniel F. Beatty did then and there knowingly and wrongfully cause said circular to be delivered by the mail of the United States to said Ned E. Sawyer in the district of Vermont for the purpose of obtaining money of said Ned E. Sawyer by means of the scheme theretofore devised, as hereintofore set forth and declared."

Here are not only a scheme and false pretenses in the words of the statute, but also details in specification. These details are, however, criticised principally because the whole of the circular is not set out; because the false pretense alleged as to intent in not sending such an organ as was described was not of an intent not to send any, or one of no, or less, value; because the difference intended is not set out; and because the things alleged to have been done are not all alleged to have been knowingly done. The part of the circular left out is alleged to be immaterial; and no reason or rule of law requires matters not material to be alleged. If this allegation is not true, and parts not set out qualify those that are, and show the want of a scheme devised, or the want of delivery of a circular by mail, to obtain the money under false pretenses, it would be admissible for that purpose under a plea of not guilty, but would not affect the sufficiency of the indictment. It would be a matter of evidence, and not of pleading The organ proposed by the circular to be sent on receipt of $33 was specifically described. That intended by the scheme alleged was one essentially different. The pretense that such a one as was described would be sent was false, even if one as good or better was intended to be sent. The particular kind might be material to the purchaser, and his money might be obtained by false pretenses as to that, although not profitable to the seller. Proof as to this might affect the fact, but would not affect the allegation, of intent, which is otherwise well made. The details of this essential difference would be known to the respondent if he intended to send any, and not to the prosecutor while the scheme was in the future; and the offense

consists as well in delivering by mail such a circular concerning such a scheme in the future as concerning such a scheme accomplished. The allegations in this respect are said to be broad enough to cover descriptions in parts of the circular not set out; but this cannot be, for those parts are by the other allegations not material, and these allegations are thereby confined to the parts of the circular set out. As argued for the respondent, where an offense consists in intent, generally, the acts constituting the offense must be alleged to have been knowingly committed; but here the intent itself is well alleged, which includes knowledge, and seems to be sufficient.

The second count does not set out any scheme devised except:

"For him, the said Daniel F. Beatty, to cause to be sent and to be delivered by said mail a certain letter, which then and there was in substance as follows, to wit:

"'Washington, New Jersey, U. S. of America, April 7th, 1893.

"'Can you expect the earth for $33.00? We see we sent style K. This is sold for $95.00 with no stool, book, box, packing, and put on cars; and, as you only paid $33.00, you can sell it for $95.00, and clear over $60.00, less freight. It's an old box, but a bran new organ, and you have a good value for your money; in fact, the best of the bargain.

[Signed] "'Daniel F. Beatty,
"'Washington, New Jersey, United States of America.'

"Said Daniel F. Beatty, in causing said letter to be sent as aforesaid, then and there and thereby falsely pretended to said Ned E. Sawyer, and then and there meant and intended that said Ned E. Sawyer, by means of said letter and the statements therein made, should be led to believe, that the organ which he, the said Ned E. Sawyer, had bought of him, the said Daniel F. Beatty, at a short time previous to the date of the letter hereinbefore set forth, for the sum of thirty-three dollars, and with which said organ he, the said Ned E. Sawyer, was dissatisfied, was in truth and in fact an organ which was worth, and which he, the said Ned E. Sawyer, could then and there sell for, the sum of ninety-five dollars in cash, which would profit the said Ned E. Sawyer more than sixty dollars, when in truth and in fact said organ was not then and there worth the said sum of ninety-five dollars, nor any considerable part thereof, as he, the said Daniel F. Beatty, then and there well knew, nor could the said Ned E. Sawyer then and there sell said organ for the sum of ninety-five dollars, or any considerable part thereof, as he, the said Daniel F. Beatty, then and there well knew; nor did he, the said Daniel F. Beatty, then and there intend and expect that the said organ could be sold for said sum of ninety-five dollars, or any considerable part thereof, but he, the said Daniel F. Beatty, did then and there intend, as he had theretofore devised and intended, to fraudulently retain and appropriate the said sum of thirty-three dollars, which he theretofore, by means of certain false pretenses, had fraudulently obtained of the said Ned E. Sawyer."

This is no scheme for obtaining money thereafter under false pretenses. It refers to money already obtained. That it had been obtained under false pretenses is alleged, but only in the general words of the statute, which, as before said, is not sufficient. This is not helped out by the first count, for that is not made a part of this count, which is left to stand by itself. If this letter had been alleged to have been written and delivered by mail, concerning the scheme set out in the first count, either by reference to that count or setting out the scheme in this, it might come within the statute; but as it is it is within U. S. v. Hess, supra, and not good. Motion to quash denied, demurrer sustained as to second count, and overruled as to first count, and respondent to answer over.