UNITED STATES v. COWELL et al.

(District Court, D. Oregon.   July 16, 1917.)

No. 7308.

1. MONOPOLIES ⬤⇒31—CRIMINAL PROSECUTIONS—INDICTMENT.
    An indictment for combining and engaging in a monopoly in restraint of interstate trade and commerce need not set out any overt act, as the combination or contract in any form in restraint of trade constitutes the offense under the statute, and it is only essential to charge the combination or contract.

2. INDICTMENT AND INFORMATION ⬤⇒87(6)—MONOPOLIES—TIME OF COMMISSION OF OFFENSE.
    An indictment for combining and engaging in a monopoly in restraint of interstate commerce sufficiently alleges the time of the offense by alleging that the parties were engaged in the unlawful combination or contract between specified dates, as the offense is a continuing one and the parties are transgressing the statute while engaged in the operation of the design or in carrying it into effect.

3. MONOPOLIES ⬤⇒29—CRIMINAL OFFENSES.
    All contracts or acts which are theoretically attempts to monopolize, and which in practice have come to be considered as in restraint of trade in a broad sense, are an offense under the statute against monopolies; but contracts not unduly restraining commerce are not prohibited, the standard of reason being the measure used for the purpose of determining whether the particular act is prohibited by the statute.

4. INDICTMENT AND INFORMATION ⬤⇒110(20)—LANGUAGE OF STATUTE—MONOPOLIES.
    An indictment for combining and engaging in a monopoly in restraint of interstate trade and commerce must give particulars, and not rely simply on the words of the statute.

5. MONOPOLIES ⬤⇒31—PROSECUTIONS—INDICTMENT.
    An indictment alleged that various corporations or companies located in Northern and Southern California, Oregon, and Washington were manufacturing cement for the general trade and engaged in interstate commerce; that they were represented by certain officers and managers, who promoted and carried on the business; that such officers and managers knowingly, by concerted action, carried on the business of such concerns without competition as to the price of their cement, and by the same concerted action prevented the Southern California company from selling or consigning cement for sale in Washington or Oregon, the Northern California companies from selling or consigning for sale in Washington, the Washington company from doing the same in Oregon or California, and the Oregon company as to Washington and California, and had prevented the Northern California and Oregon companies from selling in Oregon otherwise than upon arbitrary and noncompetitive prices fixed and agreed upon in advance; and that by reason thereof consumers had been compelled to pay arbitrary prices greatly in excess of the price at which they would have secured such cement, but for the combination.  *Held*, that the indictment was sufficient, as it would enable defendants to prepare their defense and to defeat any subsequent prosecution for the same offense, and enable the court to determine that a combination existed, that defendants were engaged therein, and that the restraint of trade was undue or unreasonable.

6. INDICTMENT AND INFORMATION ⬤⇒87(2)—ALLEGATIONS AS TO VENUE.
    The objection that no venue was laid in such indictment was without merit.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

S. H. Cowell and others were indicted for offenses. On demurrer to the indictment. Demurrer overruled.

Clarence L. Reames, U. S. Atty., and Barnett H. Goldstein, Asst. U. S. Atty., both of Portland, Or., for the United States.

Fredrick Bausman, of Seattle, Wash., and Veazie, McCourt & Veazie, of Portland, Or., for defendants Eden, Sutherland, Coats, Baillie, and W. P. Cameron.

Teal, Minor & Winfree, of Portland, Or., for defendants Butchart and Moore.

WOLVERTON, District Judge. The indictment herein charges that the defendants, during the period between August 1, 1914, and the finding of the indictment, knowingly and unlawfully engaged in a combination in restraint of trade and commerce among the several states, and by a second count that during the same time they engaged in a monopoly in like restraint of trade. The defendants are officers in some capacity, in control to a greater or less extent, of certain corporations and companies engaged in the manufacture of cement, and in the traffic and sale of the products in states other than where manufactured, as well as in their own states. The companies are classified as the Northern California companies, the Southern California company, the Washington companies, and the Oregon company.

A demurrer has been interposed to the indictment, by which three questions are presented, namely: That defendants are not advised of the time, place, or circumstances upon which the government relies for conviction; that the offense with which it is sought to charge the defendants is not so stated as to afford them, after conviction or acquittal, protection against a second indictment for the same offense; and that the court is not able to determine from the indictment whether a combination existed, or any of defendants engaged therein, or whether the restraint referred to was undue or unreasonable.

[1] First, as it relates to the time charged as to when the offense was committed: The parties were engaged from August 1, 1914, until the finding of the indictment, and by nature the act was continuing in its operation. In a case under this statute, it is unnecessary to set out any overt act. Simply the combination or contract in any form in restraint of trade between the states or with foreign nations constitutes the offense, and it is only essential to charge the combination or contract. Nash v. United States, 229 U. S. 373, 33 Sup. Ct. 780, 57 L. Ed. 1232; United States v. Rintelen (D. C.) 233 Fed. 793.

[2] The combination is not a thing of the instant the minds of the agreeing parties have come to a completed understanding, either expressed or implied. The purpose thereof is an essential element as well, and this may contemplate that its operation shall extend over a period of time. While the parties are engaged in the operation of the design, or in carrying the same into effect, they are transgressing the statute, they are still agreeing to the unlawful offense, and still cohering in the thing that the law condemns. Thus the offense becomes a continuing one, and it is only necessary to allege that the parties were engaged in the unlawful combination or contract between specified dates. By

such allegation, the offenders are apprised of the time of their transgression. United States v. MacAndrews & Forbes Co. (C. C.) 149 Fed. 823.

[3] The next question involves the nature of the offense. This has been settled by the Supreme Court. The statute has been construed to be very broad, and not only this, but very comprehensive. It comprises, says the court in Standard Oil Co. v. United States, 221 U. S. 1, 59, 31 Sup. Ct. 502, 515, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734:

"All contracts or acts which theoretically were attempts to monopolize, yet which in practice had come to be considered as in restraint of trade in a broad sense." And, further, it evinces "the intent not to restrain the right to make and enforce contracts, whether resulting from combination or otherwise, which did not unduly restrain interstate or foreign commerce, but to protect that commerce from being restrained by methods, whether old or new, which would constitute an interference that is an undue restraint." And "it was intended that the standard of reason which had been applied at the common law and in this country in dealing with subjects of the character embraced by the statute, was intended to be the measure used for the purpose of determining whether in a given case a particular act had or had not brought about the wrong against which the statute provided."

[4] There has since been no digression from this holding, and it is unnecessary to cite the succeeding authorities. Of course, I realize and recognize the authority of United States v. Cruikshank et al., 92 U. S. 542, 23 L. Ed. 588. It is essential in a case like this to descend to particulars, and not to rely simply on the words of the statute in pleading. United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516.

[5] Turning to the indictment, we find various corporations or companies, located in different states, manufacturing Portland cement for the general trade, and engaged in interstate commerce. The companies are represented by certain officers and managers, who promote and carry on their business, being the defendants under indictment. These persons have knowingly, by concerted action, carried on the business of the several concerns named, without competition as to prices in the several states in which they are engaged in the manufacture of their cement, and by the same concerted action have prevented the Southern California company from selling or consigning for sale in either Washington or Oregon, and the Northern California companies from selling or consigning for sale in Washington, the Washington companies from doing the same as it respects Oregon and California, and the Oregon company as to Washington and California, and have prevented the Northern California and Oregon companies from selling or consigning for sale in Oregon otherwise than upon arbitrary and noncompetitive prices, fixed and agreed upon in advance; and it is further stated that, by reason thereof, consumers have been compelled to pay for such cement arbitrary prices greatly in excess of prices at which they would have secured such cement if it were not for the combination.

This, to my mind, states quite clearly the scheme and purpose of the combination. It descends to particulars, and no one need be misled into preparing his defense for something other than as alleged against him. The court knows what the charge is, without the liability of mis-

conception or mistake, and the defendants need not fear that another prosecution can follow after trial upon this indictment.

Apply the standard of reason, which counsel insist that we shall, and then inquire further whether there is an undue restraint of trade or commerce. The indictment does allege that, by reason of these things, the defendants were engaged in undue and unreasonable restraint of trade. We may put this to one side as a conclusion. There is sufficient alleged, however, from which to deduce this very conclusion. The concert of action which implies a combination for marketing their cement in particular locations, and the direct agreement between them for fixing arbitrary and noncompetitive prices for the sale of cement in Oregon, is sufficient to stamp their demeanor as in restraint of interstate trade and commerce. Such a combination is without the elements or indicia of a wholesome agreement, and cannot be so characterized. The following cases are illustrative: Standard Sanitary Mfg. Co. v. United States, 226 U. S. 20, 33 Sup. Ct. 9, 57 L. Ed. 107; Eastern States Lumber Ass'n v. United States, 234 U. S. 600, 34 Sup. Ct. 951, 58 L. Ed. 1490, L. R. A. 1915A, 788.

The third objection is answered by the foregoing. The same reasoning applies to the objections to the second count.

[6] The objection that no venue is laid is without merit.
Demurrer overruled