**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**PITA FAUMUINA, Defendant.**

High Court of American Samoa
Trial Division

CR No. 25-00

June 26, 2000

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, TAUANU'U, Temporary Associate Judge.

Counsel: For Plaintiff, Suzanna L. Tiapula, Assistant Attorney General
For Defendant, Bentley C. Adams III, Assistant Public Defender

ORDER DENYING MOTION TO DISMISS

Defendant Pita Faumuina ("Faumuina") is charged with three offenses: first degree sexual abuse for actions committed during the month of February 2000, second degree assault for actions committed during that

same time period, and third degree assault committed March 20, 2000. The dates are the only facts mentioned in the information; the remainder of the counts repeat verbatim the statutory language describing the respective offenses. Faumuina seeks dismissal of this charge on the basis that the information is insufficient.

## Analysis

■ Plaintiff American Samoa Government ("ASG") contends that the information provides a "plain, concise and definite written statement of the essential facts constituting the offense charged" as required by T.C.R.Cr.P. 7(c)(1). ASG cites *American Samoa Gov't v. Atamasaga*, 17 A.S.R.2d 145, 150 (1990), in support of its argument that the information need only recite the statutory language of the offense. While the language it quotes from the decision seems to lend authority to this assertion, the facts of the case do not. The information in that case named the victim, whereas no victim is named in any of the three counts in the current case. Sexual abuse and assault being offenses committed against the person, it seems rather obvious that the persons, i.e. the victims, be identified in the charges. Second, the defendant in *Afamasaga* was granted a request for a bill of particulars prior to trial in which ASG was ordered to both identify the victim and the means by which defendant was alleged to have assaulted her.

Furthermore, the persuasive authority cited in *Afamasaga* involved indictments that alleged specific facts. For example, the extortion counts in *U.S. v. Williams*, 679 F.2d 504, 508 n.5 (9th Cir. 1982), alleged specific sums and the victims from whom they were extorted. Similarly, the indictment in *Hamling v. U.S.*, 418 U.S. 87, 91 (1974), identified the obscene materials on which the charges were based. *Hamling* held only that each element of an offense need not be supported by specific facts in the indictment, not that the indictment need contain no facts whatsoever. *Id.* at 119.

We consider the present information to be insufficient because to hold otherwise would expose Faumuina to multiple prosecutions. ASG must specify the victims of the sexual abuse and assaults in the information. While plaintiff's witness list indicates the identity of the victims of the offenses charged, ASG could conceivably prosecute defendant for assaults against either person under the present information. Thus, failure to specify the victims in the information leaves ASG the freedom to substitute one for another if that would better suit its purposes. We think this highly unlikely, and certainly do not intend to call into question ASG's counsel's integrity. However, we must insist that ASG include these facts in the information so as to afford Faumuina protection against double jeopardy.

Furthermore, while ASG frames the charges in the language of specific statutory provisions, this likewise appears insufficient. ASG's decision to charge under a single subsection of the statute describing each offense has, contrary to Faumuina's position, "inform[ed] the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 (1962). However, where the statutory definition of an offense makes use of generic terms, the information must "descend to particulars." *Russell v. United States*, 369 U.S. 749, 765 (1962). For example, while the sexual assault charges in *Holdren v. Legursky*, 16 F.3d 57, 62 (4th Cir. 1994), tracked the applicable statutory language verbatim, they also noted the specific sex acts charged in each count. The crux of the matter is that the defendant must not be in danger of being retried for the same crime on a different theory. *Williams*, 679 F.2d at 509. Defendant Holdren was charged with 6 separate counts of sexual assault, each based on a separate occurrence of contact between his genitalia and various body parts of the victim, as permitted under West Virginia law. *Holdren*, 16 F.3d at 62. In contrast, by not specifying Faumuina's actions that led to the present charges, especially in the counts alleging conduct sometime within the span of a month, the information in this case subjects Faumuina to the possibility of being retried for the same crime under a different theory.

■ We thus agree that the information is presently insufficient, but deny dismissal. *Russell*, 369 U.S. at 770 (1962), stated that "it is a settled rule that a bill of particulars cannot save an invalid indictment." However, the Court so held because the indictment had been effectively rewritten by the prosecutor during the course of the case. *Id.* In contrast, this is not a case where "at every stage in the ensuing criminal proceeding [defendant is at risk of being] met with a different theory, or no theory at all, as to [the specifics of the offense]." *Id* at 768. Rather, we take the opportunity here, before trial, to cure the defective information. Faumuina is accordingly urged to move for a bill of particulars to better define the charges. Specifically, Faumuina is free to ask for specifics with regards to the victims of and actions constituting the offenses.

Provided that Faumuina moves for a bill of particulars, ASG will have 10 days to respond, or we will dismiss the charges. We intend this decision to give notice to ASG that it must include essential facts sufficient to notify defendants of the charges filed against them, as required by T.C.R.Cr.P. 7, or face the possibility of dismissal in the future. In short, prosecutors are advised to use facts underlying the charges when preparing future informations. In turn, we remind Faumuina not to overstep the requirements of T.C.R.Cr.P. 7 and turn his bill of particulars into a discovery device. *See Afamasaga*, 17 A.S.R.2d at 150.

## Order

For the above reasons, Faumuina's motion for dismissal is denied.

It is so ordered.