## UNITED STATES v. TAYLOR.

(*District Court, E. D. Michigan.* December 31, 1888.)

POST-OFFICE—EMBEZZLEMENT OF LETTER.

An employe of the post-office department can only be convicted of embezzling such letters as are, at the time, a proper subject of deposit in the mail; and where a postmaster received $15 in paper money and $3 in silver, which were handed to him in his office, with a request that he send it in a registered letter, and he took the money, put it in an envelope, which he addressed, wrote a letter to accompany the remittance, delivered to the sender the usual receipt for a registered letter, received the fee for registration, and said it would be all right; but there was no evidence that the silver money had been exchanged for paper, or that the letter was ever stamped or sealed, or put in the special envelope used for registered letters,—it was held that his conviction for embezzling a "letter" should be set aside.

(*Syllabus by the Court.*)

On Motion for New Trial. Indictment for embezzlement of a letter.

Defendant, who was postmaster at Reese, a small office in Tuscola county, was convicted of the embezzlement of a letter, and the stealing of its contents, under the following circumstances: The sender of the letter brought the defendant $15 in paper money and $3 in silver, and

handed it to him in his office, with the request that he send it in a registered letter to one Williams in Rochester, N. Y. He took the $18, put it in an envelope, which he addressed, wrote a letter to accompany the remittance, and delivered the sender the usual receipt for a registered letter, received the fee for registration, and told her it would be all right. The money disappeared. The testimony indicated that the letter was never sent, and the jury found that the defendant had embezzled it, and convicted him. His counsel moved for a new trial, upon the ground that he was guilty only of a breach of trust, and not of a violation of the federal statute.

*Charles T. Wilkins,* Asst. U. S. Dist. Atty.

*Thomas Hislop,* for defendant.

BROWN, J. The indictment charges the prisoner with taking and embezzling a certain letter which came into his possession as postmaster, was intended to be conveyed by mail, and which contained $18 in money, with intent to steal and appropriate the same to his own use. The question raised by the motion is whether the admitted facts show that defendant was guilty under Rev. St. § 5467, of embezzling the letter, or simply of embezzling money intrusted to him as the agent of Mary Bauer, the witness, for the purpose of being sent in a letter; in other words, whether the federal jurisdiction had attached when the embezzlement took place. Upon the trial I held, *pro forma,* that the delivery of the receipt and payment of the registration fee were sufficient evidence that the thing embezzled was a registered letter.

Upon reflection, however, I am satisfied that the defendant ought not to have been convicted under this statute. It is true that the money was delivered to him and placed by him in an envelope, which he addressed to Williams, and that he gave a receipt, and was paid the usual fee, as for a registered letter. But a portion of the money was in silver coin, and it was evidently contemplated that he should exchange it for paper money, and there is no evidence that the letter was ever stamped or sealed, or put in the special envelope used for registered letters. So long as anything remained to be done to render the envelope mailable matter,—that is, a proper subject of deposit in the mail,—the postmaster was acting merely as the agent of the sender, and the envelope was not a letter within the meaning of the statute. In placing the money in the envelope, and in exchanging the silver for paper money, which would be necessary before the envelope could be mailed, the postmaster was clearly acting as the agent of the sender, and the package was not such a one as he could properly receive in the discharge of his official duty. The execution of the receipt, and the payment of the registry fee, were undoubtedly *prima facie* evidence of the delivery of a registered letter, but a receipt is never conclusive, and may be explained by parol evidence. I am satisfied the jurisdiction of the federal court had not attached when the money was embezzled, and that the conviction should be set aside, and defendant discharged.