UNITED STATES v. BRAZEAU.

(Circuit Court, D. Rhode Island. February 10, 1897.)

No. 2,467.

1. INDICTMENT—FOLLOWING STATUTE.
   The rule that an indictment following the words of the statute is sufficient, is subject to the qualification that all the material facts and circumstances embraced in the definition of the offense must be stated. No essential element of the crime can be omitted without vitiating the whole pleading.

2. SAME—IMPROPER USE OF MAIL.—ADDRESS OF NEWSPAPERS.
   In an indictment for depositing in the mails newspapers containing an obscene article, an allegation that the newspapers were addressed, or that direction was given for mailing or delivery, is requisite, not as matter of description or identification of the unmailable article, but as an averment of an essential ingredient of the offense; and such ingredient is not supplied by the general averment that the newspapers were deposited "for mailing and delivery."

This was an indictment against John B. S. Brazeau for violation of the laws to prevent improper use of the mails.

Charles E. Gorman, U. S. Atty.
Hugh J. Carroll, for defendant.

BROWN, District Judge. This is an indictment under section 3893 of the Revised Statutes, as amended by act of September 26, 1888. Upon motion to quash, it is urged that the indictment, for depositing in a post office 100 copies of a newspaper containing an obscene article, is substantially defective, from the omission of an averment that the newspapers were addressed. No precedent for an indictment omitting this averment has been cited by counsel for the United States, or discovered upon an examination of a large number of indictments upon this statute, and upon similar statutes, set forth in reported cases and in books of precedents. The question arises therefore whether, without such usual averment, the offense is sufficiently charged.

The defendant contends that an intent to circulate the obscene

article, and to have it reach persons known or unknown to the grand jury, must appear of record; that this indictment charges merely the depositing of newspapers; and that a newspaper without an address or direction for mailing is incapable of effecting this intent. Upon behalf of the United States it is claimed that the address is a mere matter of description, and that the newspapers and the obscene article are sufficiently identified and described otherwise than by the address, and that all the essential ingredients of the offense are sufficiently set forth in the language of the statute.

The rule that an indictment following the words of the statute is sufficient is subject to the qualification that "all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading." "The omission cannot be supplied by intendment or implication, and the charge must be made directly, and not inferentially." U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571; Evans v. U. S., 153 U. S. 584, 587, 14 Sup. Ct. 934, 939. The statute does not make criminal the mere depositing in a post office of obscene matter, even though it be "knowingly" deposited; i. e. deposited with knowledge of its obscene character. The substance of the offense is the employment of, or attempt to employ, the mails for the transmission of obscene matter. The depositing prohibited by this statute is depositing "for mailing or delivery." There must be a purpose or intent in the act of depositing, and an adaptation, apparent at least, in the thing deposited to effect that intent. A newspaper without address or direction for delivery is not even apparently capable of effecting that intent. So long as anything remained to be done to make the newspapers a proper subject of deposit in the mail (see U. S. v. Taylor, 37 Fed. 200), or at least an apparently proper subject of deposit, so as to put in motion the postal operations of "mailing or delivery" (see Goode v. U. S., 159 U. S. 671, 16 Sup. Ct. 136), the offense was incomplete.

The only language which by any possibility can be considered as including an allegation that the newspapers were capable of mailing is the averment that they were deposited "for mailing and delivery." But this is not a direct and certain allegation. To give it the required construction, resort must be had to inference, and to the illogical inference that, because the newspapers were deposited for a certain purpose, they were deposited under such conditions as to be capable of effecting that purpose. Such an inference is not only unsound, but a violation of the rule above quoted from U. S. v. Hess. Even granting the contention that the address, if added, would be simply additional description of the thing deposited, and serve merely for identification, is not such description required by the rule that there should be such reasonable particularity in the description as the nature of the case admits? The universal practice of adding such averments, and the well-known course of the operations of the post office, afford sufficient evidence of the practicability of such description. To sustain this indict-

ment is practically to establish a precedent for the total omission from indictments of this class of any reference to the envelope or address of letters and newspapers, and for relaxing the present practice of setting forth in the indictment the address.

As a chief ingredient in crimes of this class is a direction to the postal authorities to mail and deliver the article; as this direction is usually, if not invariably, contained in a written instrument, i. e. the envelope or wrapper; as the established practice of skilled criminal pleaders is to set out this instrument, or, at least, to aver that the article was addressed to persons known or unknown,— it seems unwise and unjust to persons charged with offenses against the operations of the post office to countenance indictments in the present unprecedented form.    When the offense is of depositing newspapers, books, prints, etc., the allegation of an address, and, when practicable, a specification of such address, seems even more desirable than when the charge is of depositing a letter. A letter in and of itself is usually a communication between persons, and a description of the letter usually specifies the particular offense.    A book or newspaper is usually one of a large number, and a description applicable to all copies does not afford a proper specification of the article charged to have been deposited.    In the present case there is no description whatever which distinguishes any one of the 100 newspapers from the others, or from the remainder of the issue of the paper.    The description applies to each and all alike, the title ("Le Jean-Baptiste"), the date, and the alleged obscene article being common to all.    The defendant, if again indicted, should be able to plead in bar a conviction under the present indictment.    So far as this record goes, he may be repeatedly indicted in the same language, and be unable by this record to prove the identity of the offenses.

The rule that parol testimony may be resorted to, to establish the defense of a prior conviction or acquittal, does not remove the requirement of reasonable and customary particularity in describing the offense.    In Durland v. U. S., 161 U. S. 314, 16 Sup. Ct. 508, it was contended that the names and addresses of the parties to whom letters were sent should be stated so as to inform the defendant as to what parts of his correspondence the charge is made, and also to enable him to defend himself against a subsequent indictment for the same transaction.    It was held that the omission to state the names and addresses on the letters is satisfied by the allegation, if true, that such names and addresses are to the grand jury unknown.    This case, though not deciding the question of the necessity of an allegation that the letters were addressed, impliedly recognizes the propriety at least of either setting forth the specific address, or of excusing the omission by an averment that it was to the grand jury unknown.    In the present case it seems unnecessary to decide whether the requirements of reasonable particularity call for a description which would identify the specific copies, as well as describe the publication itself, or whether the indictment meets the objection that it could not be pleaded in bar to a subsequent indictment for the same offense,

or whether the specific name and place of an address should be set forth. It is sufficient to decide that an allegation that the newspapers were addressed, or that direction was given for mailing or delivery, is requisite, not as a matter of description or identification of the unmailable article, but as an averment of an essential ingredient in the offense, and that the ingredient is not supplied by the general averment that the newspapers were deposited "for mailing and delivery."

The other objections to the sufficiency of the indictment seem insufficient grounds for granting this motion to quash; but, as the first point urged in support of the motion is decisive, it seems unnecessary to assign reasons for the opinion as to the remaining points. Whatever a man's intent may be, he is not indictable unless there is some adaptation, real or apparent, in the thing done to accomplish the thing intended. As the mere depositing in the post office of an obscene writing, without direction for mailing or delivery, is incapable of effecting the evil against which the statute is provided, and as this indictment, departing from well-established precedents, charges nothing more, the motion to quash is granted.