## UNITED STATES *v.* HESS.

CERTIFICATE OF DIVISION IN OPINION BETWEEN THE JUDGES OF THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued January 16, 1888. — Decided January 30, 1888.

In an indictment for committing an offence against a statute, the offence may be described in the general language of the act, but the description must be accompanied by a statement of all the particulars essential to constitute the offence or crime, and to acquaint the accused with what he must meet on trial.

A count in an indictment under Rev. Stat. § 5480, which charges that the defendant, "having devised a scheme to defraud divers other persons to the jurors unknown, which scheme he" "intended to effect by inciting such other persons to open communication with him" "by means of the post-office establishment of the United States, and did unlawfully, in attempting to execute said scheme, receive from the post-office" "a certain letter" (setting it forth), "addressed and directed" (setting it forth), "against the peace," &c., does not sufficiently describe an offence within that section, because it does not state the particulars of the alleged scheme to defraud; such particulars being matters of substance, and not of form, and their omission not being cured by a verdict of guilty.

THE case, as stated by the court, was as follows:

This case comes before us from the Circuit Court for the Southern District of New York on a certificate of division of opinion between the Judges. The defendant was indicted in that court for an alleged offence, described in general terms as that of devising "a scheme to defraud divers other persons," to the jurors unknown, and intending to effect it by inciting

them to open communication with him through the post-office establishment.

The indictment contained two counts, but upon the plea of not guilty the case was submitted to the jury upon the second count alone. That count was as follows.:

"And the jurors aforesaid, on their oath aforesaid, do further present that Sigismund Hess, otherwise called Samuel Hayes, late of the city and county of New York, in the district and circuit aforesaid, yeoman, heretofore, to wit, on the third day of March, in the year of our Lord one thousand eight hundred and eighty-seven, at the Southern District of New York, and within the jurisdiction of this court, having theretofore devised a scheme to defraud divers other persons to the jurors aforesaid as yet unknown, which said scheme he, the said Sigismund Hess, otherwise called Samuel Hayes, then and there intended to effect by inciting such other persons to open communication with him, the said Sigismund Hess, otherwise called Samuel Hayes, by means of the post-office establishment of the said United States, did unlawfully, in and for attempting to execute said scheme, receive from the post-office of the United States at the city of New York a certain letter in the words and figures following, that is to say:

"'BONILLA, D. T. 2, 25, '87.

"'Dr. Sir: If there is any money to be made at it, then count me in. Send on all the confidential terms you have, and you will never be betrayed by

"'Yours truly,        J. M. DAVIS.

"'Return this letter.'

which said letter was then and there inclosed in a sealed envelope, addressed and directed in words and figures following, that is to say: 'S. Brunk, Esq., 270 West 40th St., New York City, New York, c. o. Boot-Black;' against the peace of the United States and their dignity, and contrary to the form of the statute of the said United States in such case made and provided."

The jury found the defendant guilty, and a motion was

made for a new trial and in arrest of judgment, when the following questions occurred, upon which the judges holding the court were divided in opinion:

"I. Does the second count of the indictment sufficiently describe an offence under § 5480, Revised Statutes?

"II. If there is any defect or imperfection in the second count of the indictment, is it in matter of form only, not tending to the prejudice of the defendant, and within the provisions of § 1025, Revised Statutes?

"III. If there is a defect or imperfection in the second count of the indictment, is it aided and cured by the verdict?"

Thereupon, on motion of the District Attorney, it was ordered that the points upon which the judges disagreed should be certified, with a copy of the indictment, and an abstract of the record, to this court for final decision.

The following is § 5480 of the Revised Statutes, upon which the indictment was founded:

"If any person having devised or intending to devise any scheme or artifice to defraud, or be effected by either opening or intending to open correspondence or communication with any other person, whether resident within or outside of the United States, by means of the Post-Office Establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office of the United States, or take or receive any therefrom, such person so misusing the Post-Office Establishment, shall be punishable by a fine of not more than five hundred dollars, and by imprisonment for not more than eighteen months, or by both such punishments. The indictment, information, or complaint may severally charge offences to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the Post-office Establishment enters as an instrument into such fraudulent scheme and device."

*Mr. Solicitor General* for plaintiff in error.

*Mr. George W. Miller* for defendant in error.

Mr. Justice Field, after stating the case, delivered the opinion of the court.

The statute upon which the indictment is founded only describes the general nature of the offence prohibited; and the indictment, in repeating its language without averments disclosing the particulars of the alleged offence, states no matters upon which issue could be formed for submission to a jury. The general, and, with few exceptions, of which the present is not one, the universal rule, on this subject, is, that all the material facts and circumstances embraced in the definition of the offence must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment, or implication, and the charge must be made directly and not inferentially, or by way of recital.

The statute is directed against "devising or intending to devise any scheme or artifice to defraud," to be effected by communication through the post-office. As a foundation for the charge, a scheme or artifice to defraud must be stated, which the accused either devised or intended to devise, with all such particulars as are essential to constitute the scheme or artifice, and to acquaint him with what he must meet on the trial.

The averment here is that the defendant, "having devised a scheme to defraud divers other persons to the jurors unknown," intended to effect the same by inciting such other persons to communicate with him through the post-office, and received a letter on the subject. Assuming that this averment of "having devised" the scheme may be taken as sufficiently direct and positive, the absence of all particulars of the alleged scheme renders the count as defective as would be an indictment for larceny without stating the property stolen, or its owner or party from whose possession it was taken.

The doctrine invoked by the solicitor general, that it is sufficient, in an indictment upon a statute, to set forth the offence in the words of the statute, does not meet the difficulty here. Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged. One or two cases will serve as an illustration of the doctrine. In *United States* v. *Cruikshank*, 92 U. S. 542, the counts of the indictment in general language charged the defendants with an intent to hinder and prevent citizens of the United States of African descent, named therein, in the free exercise and enjoyment of all the rights, privileges, and immunities, and protection granted and secured to them respectively as citizens of the United States and of the State of Louisiana, because they were persons of African descent, but did not specify any particular right, the enjoyment of which the conspirators intended to hinder or prevent; and it was held that the averments of the counts were too vague and general, and lacked the certainty and precision required by the established rules of criminal pleading, and were therefore insufficient in law. In speaking of the necessity of greater particularity of statement, the court said (p. 558): "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species; it must descend to particulars.' 1 Arch. Cr. Pr. and Pl. 291. The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and in-

tent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances."

In *United States* v. *Simmons*, 96 U. S. 360, the indictment was for violations of certain provisions of the Revised Statutes relating to distilled spirits. The second count, pursuing the words of the statute, charged that the defendant "did knowingly and unlawfully cause and procure to be used a still, boiler, and other vessel, for the purpose of distilling, within the intent and meaning of the internal revenue laws of the United States, in a certain building and on certain premises where vinegar was manufactured and produced." Upon this count this court was asked two questions, one of which was whether it was sufficient in an indictment drawn under the act which prohibited the use of a still, boiler, or other vessel for the purpose of distilling in any building or on premises where vinegar was manufactured or produced, to charge the offence in the words of the statute. The court answered this question in the negative, observing that "where the offence is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter,'" but adding that "to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute." It accordingly held that, tested by the rules thus laid down, the second count was insufficient. (See also *United States* v. *Carll*, 105 U. S. 611.)

Following this rule, it must be held that the second count of the indictment before us does not sufficiently describe an offence within the statute. The essential requirements, indeed, all the particulars constituting the offence of devising a scheme to defraud, are wanting. Such particulars are matters of sub-

stance and not of form, and their omission is not aided or cured by the verdict.

It follows that

*The three questions certified to us must be answered ·in the negative ; and it is so ordered.*