# THE UNITED STATES *vs.* FRANK C. BERTELMANN.

## November 17, 1905.

*Criminal Law.—Indictment.—Duplicity:* Under the Act of April 18, 1884 (23 Stat. L., 11), providing a punishment for falsely personating an officer or employe of the United States, and acting as such, or demanding or obtaining money under such pretended character, it is not duplicity to allege in each count of the indictment such false personation and that in such pretended character the defendant received a valuable thing from another, as but one offense is described.

*Same.—Same:* This act is constructed in *U. S. v. Curtain,* 43 Fed. Rep. 433, and *U. S. v. Taylor,* 108 Id., 621, as setting forth two offenses,—the first being where one falsely personates an officer or employe of the United States and takes upon himself to act as such, and the second being where one under such false personation, demands or obtains from any person or the United States or a department or officer thereof, a valuable thing: the description of such offenses being connected in the statute by the disjunctive "or." *Held,* that if both offenses are set forth in each count, there is not thereby any ground for demurrer or motion to quash.

*Same.—Description of the Offense:* Both counts were objected to as not describing an offense under the United States laws. *Held,* that where the statute in purely statutory offenses sets forth the necessary elements of the crime, it may be sufficiently charged in the words of the statute, with description of the act done sufficient to identify it.

*Same.—Description of Office or Employment Falsely Personated:* The law is aimed against the false personation of "an officer or employe acting under the authority of the United States or any Department or any officer of the Government thereof." *Held,* that an allegation that defendant did "falsely assume and pretend to be an officer and employe acting under the authority of the Government of the United States," is sufficient without further words of description.

Criminal Law:   Indictment Under Act of April 18, 1884,
                (23 Stat. L., 11), for falsely personating
                a U. S. officer.

*Demurrer and Motion to Quash Indictment.*

R. W. Breckons, U. S. District Attorney, for Plaintiff:
Leon M. Straus, Attorney for Defendant.

DOLE, J.  The defendant was indicted for falsely personat-
ing an officer and employe acting under the authority of the
Government of the United States, with intent to defraud one
Nagotaro Matsuoka, and in such pretended character receiving
from the said Nagotaro Matsuoka, he believing the defendant
to be an officer and employe acting under the authority of the
Government of the United States, a certain valuable thing,
to-wit, the sum of one dollar.  The second count made a similar
charge of false personation with intent to defraud one Shima-
kichi Uyehiro, and in such pretended character receiving from
the said Shimakichi Uyehiro, who believed the defendant to
be an officer and employe acting under the authority of the
Government of the United States, the sum of fifty cents.

The defendant, by his counsel, demurred to the indictment
and also filed a motion to quash, the first ground of said demur-
rer and motion being that "the indictment herein is duplici-
tous in that more than one offense is sought to be alleged and
charged against said defendant in each of the counts in said
indictment."

Counsel cites the cases of *United States v. Curtain* (43 Fed.
Rep., 433) and *United States v. Taylor* (108 Fed. Rep., 621),
in the first of which the court said that the statute creates two
offenses, the first being "where, with intent to defraud the
United States, or any person, any one falsely pretends to be an
officer or employe, acting under the authority of the United
States, or any department or any officer thereof, and takes upon
himself to act as such."  The other is "where one, falsely
assuming such pretended character, shall demand or obtain
from any person, or from the United States, or any depart-
ment or officer thereof, any money, paper, document, or other
valuable thing."  The court, in *United States v. Taylor, supra,*
recognizing a similar division of offenses, says:

"The distinguishing feature of this first offense, in my opin-
ion, is the making use of the assumed or pretended position
for the purpose of falsely and wrongfully asserting a pretended

claim of the United States, and thereby to defraud the person with whom he is dealing, out of money or property. The second offense is falsely impersonating an officer or employe of the United States, and in the pretended or assumed character demanding or obtaining either from the United States, or from some person, any money or valuable thing, with the intent to defraud. The elements of this offense, in my opinion, are more comprehensive, and do not limit the wrongful act to such as extorting money or property from another under the guise of asserting a claim due to the United States, which it is the duty of the offender in his pretended official character to assert, but includes the holding of one's self out as such officer or employe for the purpose, among other things, of giving him such a credit or standing as will enable him to successfully demand or otherwise obtain money from another for his own private use and benefit, and with the intent to defraud."

The law under which this indictment is found enacts as follows:

"That every person who, with intent to defraud either the United States, or any person, falsely assumes or pretends to be an officer, or employe acting under the authority of the United States, or any Department or any officer of the Government thereof, and who shall take upon himself to act as such, or who shall in such pretended character demand or obtain from any person, or from the United States, or any Department or any officer of the Government thereof, any money, paper, document, or other valuable thing, shall be deemed guilty.   *   *   *"   *Act of April 18, 1884* (23 Stat. L., 11).

The claim of counsel is that this statute enacts two offenses and that the indictment in this case is duplicitous in that it charges both offenses. In both counts of this indictment the description of the first offense of the statute is incomplete, in that they do not charge that this defendant falsely assuming or pretending to be an officer and employe acting under the authority of the United States or any department or any officer

of the government thereof, *took upon himself to act as such,* but after alleging that the defendant unlawfully and feloniously, with intent to defraud, falsely assumed and pretended to be an officer and employe acting under the authority of the Government of the United States, did, then and there in such pre-tended character, receive from the persons mentioned, certain valuable things, to-wit, the sum of one dollar in one count and the sum of fifty cents in the other, leaving out the allegation that he *took upon himself to act as such.* This description of the charge in this indictment corresponds to form No. 186 of Pagin's Federal Precedents and Forms, in which, after charging that the supposed defendant "with intent to defraud one E.... B.... and one M.... B...., unlawfully did falsely assume and pretend to be an officer and employee acting under the authority of the said United States, to wit, a revenue officer and employee, and in such pretended character did fraudulently demand and obtain from them the said E.... B.... and M.... B.... a sum of money." It also corresponds, as far as this point is concerned, with form No. 898 of Loveland's Forms of Federal Practice Annotated, in which, in the second count, the form, after charging the false personation with intent to defraud, charges that the supposed defendant did, in such pretended character do certain things,—being the duties of the position falsely personated, and received from the person for whom said things were done, certain valuable things; both forms leaving out the words *and who shall take upon himself to act as such.*

It therefore appears to me that under these precedents the first offense described in the statute under the authority of *United States v. Curtain* and *United States v. Taylor, supra,* has not been charged against this defendant in that he is not alleged *to have taken upon himself to act as such* pretended officer and employe, the implication being that those words refer to the action of a person who falsely assumes to be an officer and uses such assumption to extort some valuable thing from

another "under the guise of asserting a claim due to the United States, which it is the duty of the offender in his pretended official character to assert." The description in this indictment in both counts is limited to a description of the second offense charged, which refers to a person using his position as a pretended officer or employe to demand or obtain money from another fraudulently for his own private use and benefit, which he is enabled to obtain, perhaps, because of the credit or standing which such assumed official position, or position of an employe of the government, may give him.

It also appears from the authorities that a count in an indictment which might be found to charge both of the offenses described in the statute is unobjectionable.

The court, in the case of *Crain v. United States,* 162 U. S. 625, 636, said:

"The statute was directed against certain defined modes for accomplishing a general object, and declared that the doing of either one of several specified things, each having reference to that object, should be punished by imprisonment at hard labor for a period of not less than five years nor more than ten years, or by imprisonment for not more than five years and a fine of not more than one thousand dollars. We perceive no sound reason why the doing of the prohibited thing, in each and all of the prohibited modes, may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute. And this is a view altogether favorable to an accused, who pleads not guilty to the charge contained in a single count; for a judgment on a general verdict of guilty upon that count will be a bar to any further prosecution in respect of any of the matters embraced by it."

In the case of *United States v. Nunnemacher,* [27 Fed. Cas. (No. 15,903) 202, 203], the court said on the question of duplicity in an indictment:

"There is a class of cases, where, although offenses appear,

by the use of the disjunctive in statutes declaring the offenses to be distinct and separate, it is nevertheless held that they are in effect but one offense and may be stated conjunctively, in one count."

The decision in this case quotes as follows, from 1 Bishop, Crim. Pro., Sec. 436:

"If a statute declares 'that the doing of this or that, or the other thing, shall subject the doer to a punishment which it specifies, plainly a man may incur the penalty.by doing any one of the three things. And by doing the three things at different times and as separate.transactions he incurs the penalty three times, and three times he may be punished. But suppose instead of this, he does the three things at once and as one transaction, the doctrine appears to be that he incurs the penalty but once, the same as though he had done only one of them. Whence we have the general proposition, that, subject perhaps to exceptions depending upon the peculiarities of cases and the particular language employed, if a statute forbids several things in the alternative, it thereby creates but one offense; and since the offense may be committed in different ways, distinguished in the statute from one another by the disjunctive *or* or committed by combining more than one or all the ways in one transaction, an indictment upon the statute may, in a single count, charge the defendant with all the acts, using the copulative *and* where the statute employs the disjunctive *or*'."

The second and third grounds of the demurrer and of the motion to quash may be considered together. They are as follows:

"Second. Because the facts set forth in said indictment do not constitute any offense under the laws of the United States of America;" and, "Third. Because said indictment is vague, indefinite and uncertain and does not afford said defendant proper notice of the offense charged against him so as to enable him to properly plead thereto or to prepare a defense, in that said indictment does not aver or show what particular officer or

employe acting under the authority of the Government of the United States of America said defendant falsely assumed and pretended to be."

The accused, under an indictment, has the right to have a specification of the charge against him in order that he may decide whether he shall present his defense by motion to quash, demurrer or plea, and the court must have such specification that it may determine whether the facts will sustain the indictment.

·"The requirement in regard to sufficiency is briefly that the offense shall be so fully stated that the accused may know with what he is charged, and that a judgment may be pleaded in bar to a subsequent prosecution for the same offense; subject to this requirement, in purely statutory offenses where the statute sets forth all the elements necessary to constitute the offense, it may be sufficiently charged in the words of the statute." *United States v. Torazo Miyamura, ante,* pp. 1, 2,

"It is objected to the indictment, inter alia, that it does not sufficiently describe the offense.  It is sufficient to say in respect of this objection that the offense is statutory, and where the statute itself describes the offense an indictment is good which follows the language of the statute, and, as in this case, describes what was the act done constitutive of the offense." *United States v. Ballard,* 118 Fed. Rep. 757, 758.

Counsel for the defendant cites the case of *United States v. Hess,* 124 U. S. 483, in which the indictment alleged simply that defendant "devised a scheme to defraud divers other persons to the jurors aforesaid as yet unknown," without describing such scheme.  The court said that "As a foundation for the "charge, a scheme or artifice to defraud must be stated, which "the accused either devised or intended to devise, with all such "particulars as are essential to constitute the scheme or artifice, "and to acquaint him with what he must meet on the trial." This is good law but does not apply to the question at issue, the scheme here being simply and sufficiently described.

Indictments for this offense sometimes, and perhaps generally, describe the office or employment charged as falsely assumed, as being under some department of government or under some officer, but not usually defining the exact official position which the defendant is charged to have falsely assumed. This character of pleading is probably because such persons make their false assumptions as vague as possible, assuming only as much as may be necessary for them to carry out their fraudulent scheme and although it is desirable that an indictment should be made as specific as practicable, it is not essential that it shall be made as specific as possible, the true test being "not whether it might possibly have been made more cer-"tain, but whether it contains every element of the offense "intended to be charged, and sufficiently apprises the defendant "of what he must be prepared to meet, and, in case any other "proceedings are taken against him for a similar offence, "whether the record shows with accuracy to what extent he "may plead a former acquittal or conviction." *Cochran and Sayre v. United States,* 157 U. S., 286, 290.

The law provides that any one falsely assuming to be an officer or employe acting under the authority of the government, who shall, under such pretended authority, demand or obtain a valuable thing from another, is guilty. The offense, therefore, is consummated if one simply holds himself out to another generally to be an officer or employe of the Government of the United States and by such pretended authority, and by virtue of such assumed standing, demands or obtains any valuable thing. It follows, therefore, that there may be, and probably are, cases in which a person with a fraudulent intent referred to in the statute, simply assumes to be an officer or employe of the government without specifying what officer or what employe he claims to be, or what official position or government employment he is supposed to fill. The gist of the statute is to prevent a fraudulent demand and receipt of things of value by virtue of a false and pretended standing as an official or employe of

the government.   It therefore must become impossible in some cases to specify in the indictment anything more than is specified in the case at bar.

In the case of *United States v. Brown,* 119 Fed. Rep. 482, 483, the defendants, by their counsel, contended that the averments of the indictment were not sufficiently definite, particularly as to the designation of the sort of revenue officer meant. The indictment in all of the counts alleged that the defendants falsely assumed to be revenue officers of the United States. The court said, "The words of the indictment are technically "sufficient to charge an offense under the Statutes of the United "States."

. In the case before the court, I think the description of the offense is sufficient.   Defendant is charged with falsely assuming to be an officer and employe acting under the authority of the United States, with intent to defraud certain persons whose names are given, and in such pretended character he received from such persons certain valuable things, they believing him to be such officer and employe acting under the authority of the United States.   The time of the offense is also stated.   I do not see that there is any imperfection in the indictment which tends to prejudice the defendant.

To allow the contention of defendant's counsel would open the door to a free violation of the statute without danger of punishment through the mere false assumption of being an officer or employe of the United States without any further pretense as to what particular office or employment the person so pretending claimed to hold.

The demurrer and motion to quash are therefore overruled on all grounds.