## FLOREN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 20, 1911.)

No. 3,367.

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 970*)—POST OFFICE (§ 48*)—INDICTMENT—UNMAILABLE MATTER—MOTION IN ARREST—SUFFICIENCY TO PREVENT ANOTHER PROSECUTION—IDENTITY OF LETTER.

An indictment under Rev. St. § 3893 (U. S. Comp. St. 1901, p. 2658), which charges defendant with depositing on a day named in the United States mail a letter containing information where and of whom articles intended to prevent conception could be obtained, addressed to a person named at Goshen, Ind., but which contains no copy of the letter, no averment that it is so indecent as to be unfit to be spread upon the record of the court, and no allegation of its date, of the name signed to it, of the place where it was mailed, or of any words, figures, or marks which it contains, whereby it can be identified, does not state the facts which constitute the offense charged with such clearness and certainty as to enable the defendant to avail himself of a conviction or acquittal thereon in defense to a second prosecution for the same offense, and it is insufficient in the face of a motion in arrest of judgment.

On a motion in arrest of judgment, as well as on a demurrer, it is essential to the validity of the indictment that it contain averments of the facts which constitute the offense intended to be charged, so certain and specific that upon conviction or acquittal thereon the indictment will show the offense intended to be charged so accurately that the record of it and the judgment upon it will constitute a defense to a second prosecution for the same offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2445-2462; Dec. Dig. § 970;* Post Office, Cent. Dig. §§ 66–80; Dec. Dig. § 48.*]

2. INDICTMENT AND INFORMATION (§ 121*)—BILL OF PARTICULARS—EFFECT—BILL OF PARTICULARS WILL NOT CURE SUBSTANTIAL INSUFFICIENCY.

An indictment so fatally defective in its statement of the facts alleged to constitute the offense charged that a judgment of conviction or acquittal thereon constitutes no defense to another prosecution of the defendant for the same offense may not be cured by a bill of particulars.

The office of a bill of particulars is, not to make a bad indictment good, but to grant to a defendant who faces a good indictment further information to enable him to meet it.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 320; Dec. Dig. § 121.*]

In Error to the District Court of the United States for the District of North Dakota.

S. A. Floren was convicted of depositing illegal matter in the mails, and brings error. Reversed and remanded.

Scott Rex, for plaintiff in error.

P. H. Rourke, for the United States.

Before SANBORN and ADAMS, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. The plaintiff in error sued out this writ to reverse his conviction and the denial by the court below of his motion in arrest of judgment on the ground that the indictment on which he was convicted did not allege the facts which constituted the

offense charged with such clearness and certainty as to enable him to avail himself of his conviction thereon in defense of a second prosecution for the same offense.

[1] On a motion in arrest of judgment, as well as on a demurrer, it is essential to the validity of an indictment that it contain averments of the facts which constitute the offense it charges so certain and specific that upon conviction or acquittal thereon it, and the judgment upon it, will constitute a complete defense to a second prosecution of the defendant for the same offense. United States v. Hess, 124 U. S. 483, 486, 487, 8 Sup. Ct. 571, 31 L. Ed. 516; Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667; Miller v. United States, 66 C. C. A. 399, 403, 133 Fed. 337, 341; Brown v. United States, 74 C. C. A. 214, 216, 143 Fed. 60, 62; Armour Packing Co. v. United States, 153 Fed. 1, 17, 82 C. C. A. 135, 151, 14 L. R. A. (N. S.) 400; United States v. Breakwater (D. C.) 174 Fed. 78, 79, 80.

The offense charged in this indictment was the depositing in the mail of a letter which conveyed information where and of whom articles for the prevention of conception could be obtained in violation of section 3893 of the Revised Statutes. The charge of the offense in the indictment was in these words:

"That on, to wit, the seventh day of January, in the year of our Lord one thousand nine hundred and six, in the county of Nelson, in the state and district of North Dakota, and within the jurisdiction of this court, S. O. Florin and J. Wold, late of the county of Nelson, in said district, did willfully and unlawfully deposit and cause to be deposited in the United States mail, for transmission by said mail, a letter addressed to Mrs. Cora Dillingham, Goshen, Indiana, which letter did then and there contain and convey information as to where, how, of whom, and by what means certain articles, things, and devices intended for the prevention of conception could be obtained."

The indictment contained no averment that any of the contents of the letter were too indecent to be pleaded, and hence no excuse on that ground for the failure to set it forth therein. Rosen v. United States, 161 U. S. 29, 37, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Dunlop v. United States, 165 U. S. 486, 489, 17 Sup. Ct. 375, 41 L. Ed. 799. The allegation of the date of the mailing of the letter in no way specified or identified it, because proof of the mailing of a letter on any day before the finding of the indictment and within the statute of limitations was permissible under that averment. The indictment neither set forth the letter, nor averred its date, nor the place where it was mailed, nor the signature to it (which appeared upon the trial not to be that of the defendant), nor specified any words, figures, or other identifying marks it contained. Every letter addressed to Mrs. Cora Dillingham, Goshen, Ind., conveying any information how articles intended to prevent conception could be obtained, signed by any one whomsoever, mailed at any place whatsoever, at any time whatever within the statutory limitation, was equally well described by this indictment. And, now that the defendant below has been convicted upon it, there is nothing in the indictment or in the judgment to prevent his conviction again for the same offense, because they contain no description by which the letter for the mailing

of which he was convicted can possibly be identified or distinguished from any other letter of the same nature, signed by any one whomsoever, and mailed to the same address at any place and at any time whatsoever, within the time limited by the statute. These facts render this indictment fatally defective. An indictment under section 3893 of the Revised Statutes should either set forth the letter, card, circular, book, pamphlet, advertisement, or notice charged to have been mailed, or, if it is too indecent to be spread upon the records of the court, the indictment should contain an averment of that fact, and of its date, of the name signed to it, and of such other distinguishing characteristics as will clearly identify it. Grimm v. United States, 156 U. S. 604, 608, 15 Sup. Ct. 470, 39 L. Ed. 550; United States v. Tubbs (D. C.) 94 Fed. 356, 359, 360; Evans v. United States, 153 U. S. 584, 587, 14 Sup. Ct. 934, 38 L. Ed. 830.

In Grimm v. United States, 156 U. S. 608, 15 Sup. Ct. 471, 39 L. Ed. 550, which involved an indictment under the same statute, the letter was set out in full, and the objection was that the letter did not specify a picture to which the information contained in the letter referred. Mr. Justice Brewer, in overruling this criticism and the argument that the pleader should have incorporated the picture in the indictment or given a full description of it, said:

"The charge is not the sending of obscene matter through the mails, in which case some description might be necessary, both for identification of the offense and to determine whether the matter was obscene, and therefore nonmailable. * * * There the gist of the offense is the placing of a certain objectionable article in the mail, and therefore that article should be identified and disclosed. So here the gist of the offense is the mailing of a letter giving information, and therefore it is proper that the letter should be stated, so as to identify the offense."

In Rosen v. United States, 161 U. S. 32, 34, 40, 16 Sup. Ct. 438, 40 L. Ed. 606, the indictment charged the depositing in the mail of a lewd and lascivious paper, which was specified by a statement in the indictment of its name, its volume, its number, its date, and by a further description of it with such minuteness as to leave no doubt of its identity. The indictment was challenged by a motion in arrest of judgment, not because it did not so particularly describe and identify the paper as to enable the defendant to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, but because it did not so point out the parts of the paper claimed to be lewd and lascivious that the defendant was fairly informed of the nature and cause of the accusation against him, so that he could well defend against it. The Supreme Court said:

"The doctrine to be deduced from the American cases is that the constitutional right of the defendant to be informed of the nature and cause of the accusation against him entitles him to insist, at the outset by demurrer or by motion to quash, and after verdict by motion in arrest of judgment, that the indictment shall apprise him of the crime charged with such reasonable certainty that he can make his defense and protect himself after judgment against another prosecution for the same offense; that his right is not infringed by the omission from the indictment of indecent and obscene matter, alleged as not proper to be spread upon the records of the court, provided the crime charged, however general the language used, is yet so described as reasonably to inform the accused of the nature of the charge

sought to be established against him; and that in such case the accused may apply to the court before the trial is entered upon for a bill of particulars, showing what parts of the paper would be relied on by the prosecution as being obscene, lewd, and lascivious, which motion will be granted or refused, as the court, in the exercise of a sound legal discretion, may find necessary to the ends of justice."

[2] It is not material to the present issue that the defendant demanded no bill of particulars, and none was furnished. Where an indictment is so fatally defective in its statement of the facts alleged to constitute the offense charged that a conviction or acquittal upon it constitutes no defense to another prosecution for the same offense, a bill of particulars cannot cure it. The office of such a bill is to give to the defendant some further information to which the court deems him entitled in cases in which the indictment is substantially good. The granting or refusing of such a bill of particulars is discretionary with the court, and as District Judge (now Circuit Judge) Carland said in United States v. Tubbs (D. C.) 94 Fed. 356, 360:

"To hold that the right to demand a bill of particulars would cure a bad pleading would make the returning of a good indictment by the grand jury discretionary with the court, which could not be entertained for a moment. It is because the indictment is good as against a general demurrer that the defendant is compelled to resort to a motion for a bill of particulars. If it is bad, he has his remedy by demurrer or motion in arrest."

In that case the indictment was identical in legal effect with that in the case at bar, and a motion in arrest of the judgment was granted.

The Supreme Court has never departed from this declaration of the law which it made in Evans v. United States, 153 U. S. 584, 587, 14 Sup. Ct. 934, 936, 38 L. Ed. 830:

"Even in cases of misdemeanors, the indictment must be free from all ambiguity, and leave no doubt in the minds of the accused and the court of the exact offense intended to be charged, not only that the former may know what he is called upon to meet, but that, upon a plea of former acquittal or conviction, the record may show with accuracy the exact offense to which the plea relates. United States v. Simmons, 96 U. S. 360 [24 L. Ed. 819]; United States v. Hess, 124 U. S. 483 [8 Sup. Ct. 571, 31 L. Ed. 516]; Pettibone v. United States, 148 U. S. 197 [13 Sup. Ct. 542, 37 L. Ed. 419]; In re Greene [C. C.] 52 Fed. 104."

The record in this case fails to come up to this requirement of the law, fails to show what letter the defendant was charged with mailing, fails to show the offense with which the defendant was charged with sufficient clearness and certainty to constitute a defense to another prosecution for the same offense, and the judgment below must be reversed, and the case must be remanded to the District Court, with instructions to grant the motion in arrest of the judgment and to discharge the defendant.

It is so ordered.