### WINTERS v. UNITED STATES.†

(Circuit Court of Appeals, Eighth Circuit. November 6, 1912.)

No. 3,723.

1. POST OFFICE (§ 48*)—MISUSE OF MAILS—OBSCENE LETTER—INDICTMENT.

Where an indictment for sending an obscene letter through the mail charged that defendant deposited in the United States post office for mailing and delivery a certain obscene, lewd, and lascivious letter, he, the said defendant, knowing the contents of the letter and intending that it be transmitted and delivered by the post office establishment of the United States to the addressee, and described it by giving the commencing and closing sentences thereof, it was sufficiently certain to withstand a demurrer and sustain a conviction.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

2. POST OFFICE (§ 48*)—MISUSE OF MAILS—NONMAILABLE LETTER—INDICTMENT.

Where an indictment for sending an improper letter through the mail did not identify or describe the letter, except by alleging that it was of a certain filthy and indecent character, and that it contained an article intended to be used to prevent conception, without alleging what such article was, 'it was fatally defective for want of certainty.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

3. CRIMINAL LAW (§ 1038*)—INSTRUCTIONS—SCOPE.

Defendant was not entitled to urge on appeal objections to instructions not brought to the attention of the trial court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2646; Dec. Dig. § 1038.*]

4. CRIMINAL LAW (§ 1172*)—REVIEW—INSTRUCTIONS—PREJUDICE.

Where an indictment charged defendant only with the mailing of certain nonmailable letters, he was not prejudiced by instructions authorizing a conviction if the jury found that he mailed the letters or "caused them to be mailed."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154–3157, 3159–3163, 3169; Dec. Dig. § 1172.*]

5. CRIMINAL LAW (§§ 663, 858*)—TRIAL—EVIDENCE—SUBMITTING DOCUMENTS TO JURY—CARRYING TO JURY ROOM.

Where, in a prosecution for misuse of the mails in depositing therein certain nonmailable letters, the letters were introduced in evidence, it was not error for the court to omit the reading of the letters to the jury in the courtroom, and to permit the jury to take the letters with them on retirement, though the better practice would have been to have either

---

read the letters to the jury or given them to the jurors in turn to be read to themselves in open court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1602, 2056–2059, 2062; Dec. Dig. §§ 663, 858.*]

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

A. M. Winters was convicted of sending illegal matter through the mails, and he brings error. Reversed in part, and affirmed in part.

Lee Monroe, of Topeka, Kan. (Phillip C. Wilson, W. S. Roark, and Carr W. Taylor, all of Topeka, Kan., on the brief), for plaintiff in error.

McCabe Moore, Asst. U. S. Atty., of Kansas City, Kan. (H. J. Bone, U. S. Atty., of Topeka, Kan., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. The plaintiff in error, A. M. Winters, was indicted by the grand jury for a violation of section 211 of the Criminal Code of the United States (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1911, p. 1651]). The indictment contained eight counts. The first count charged in substance that A. M. Winters, on or about the 30th day of July, in the year 1910, within the jurisdiction of the court, did then and there willfully, unlawfully, knowingly, and feloniously deposit for mailing and delivery in the post office of the United States, at Topeka, Kan., a certain obscene, lewd, and lascivious letter, the same being in typewriting and beginning as follows:

"Topeka, Kansas, July 29th, 1910.

"Mr. [name will be omitted], 1022 Taylor Street, City—Dear Sir: We wish to inform you, and have you find out for yourself and for our benefit, and for the benefit of yourself and your daughter, if what Dr. Winters is telling, * * *" and ending as follows: "Hoping that you will find out the truth of this case, and kindly inform us, we beg to remain,

"Fraternally yours,          K. C. Club House, President City."

The indictment charged that the said letter was then and there inclosed in an envelope, sealed up, and stamped with a two cent United States postage stamp and addressed "Mr. [name will be omitted], 1022 Taylor Street, Topeka, Kansas," and said A. M. Winters then and there knowing said letter to be of the character above set forth, and then and there intending the same to be transmitted and delivered by the post office establishment of the United States to said addressee, said letter being too obscene, lewd, and lascivious to be set forth in full herein or spread upon the records of the court, contrary to the form of the statute made and provided, and against the peace and dignity of the United States. The remaining eight counts, with the exception of the seventh, which will be hereafter discussed, charge said A. M. Winters, in the same formal manner, with depositing certain obscene, lewd, and lascivious letters in the United States post office at Topeka, Kan., for mailing and delivery in the post office of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

United States to the addressee, he, the defendant, Winters, then and there knowing the contents of said letters; each count containing the beginning and closing sentence of a letter, and in most instances the date of such letter. The seventh count was as follows:

"And the grand jurors aforesaid, on their oath aforesaid, do further find and present that the said A. M. Winters, on or about the 27th day of July, in the year 1910, in the said division of said district, and within the jurisdiction of said court, then and there being, did then and there willfully, knowingly, unlawfully, and feloniously deposit for mailing and delivery in the post office of the United States at Topeka, Kan., in said division and district, a certain filthy letter of an indecent character, and then and there containing and inclosed in said envelope a certain article designed, adapted, and intended for preventing conception, and calculated to be used or applied for an indecent and immoral purpose, said article designed and intended as above set forth then and there being inclosed in an envelope and stamped with a two cent United States postage stamp and a special delivery stamp, and a lressed: '[The name will be omitted], the Continental Creamery Co., Topeka, Kansas. Personal' "

—and said A. M. Winters then and there knowing said envelope and said inclosure therewith to be of the character above set forth, and then and there intending the same to be transmitted and delivered by the post office establishment of the United States to said addressee, said envelope and its inclosure then and there being too filthy and indecent to be set forth or more fully described herein, or spread upon the records of the court, contrary to the form of the statute made and provided and against the peace and dignity of the United States. To each of the eight counts defendant filed a demurrer, which was overruled, and an exception taken.

[1] These counts, with the exception of the seventh, it will be observed, charge every element of the offense, to wit, that the defendant deposited in the United States post office for mailing and delivery, a certain obscene, lewd, and lascivious letter, he, Winters, knowing the contents of the letter, and that the same was intended to be transmitted and delivered by the post office establishment of the United States to the addressee. It informed the defendant of the identity of the letter by giving the commencing and closing sentence thereof. We think the respective counts of the indictment, except the seventh, were sufficient in this respect, and that they each charge a violation of the statute, and with sufficient particularity to inform the defendant of the particular offense with which he was charged, and that the demurrer as to these counts was properly overruled.

[2] The seventh count failed in every respect to identify the letter said to have been mailed, excepting that it was described as of a certain filthy and indecent character, that it contained a certain article designed, adapted, and intended for preventing conception, and calculated to be used or applied for an indecent and immoral purpose. What the character of the article was was not indicated. It may have been a drug, or it may have been some mechanical device. It did not even give the date of the letter. This count clearly failed to disclose. to the defendant the nature of the offense with sufficient definiteness to advise him of what he was charged, or to avail himself of his conviction or acquittal as a protection against further prosecution for the

same offense. The decision in United States v. Pupke (D. C.) 133 Fed. 243, is directly applicable to this count of the indictment. In that case the charge in the indictment was that the defendant:

"Did then and there unlawfully and feloniously deposit and cause to be deposited [in the St. Louis post office for mailing and delivery] a certain letter and writing giving information to one Miss Effie Williams where, how, and of whom, and by what means, an article or thing designed and intended for the prevention of conception might be obtained."

The court said:

"The letter is then set out, with appropriate averments as to the time of its mailing and its destination; but the letter in no wise states what the particular article or thing consisted of. It refers to the fact that the accused has inclosed to the addressee a copy of [our Hydro System]. The sufficiency of this indictment is challenged by demurrer, and the point made against it is that the pleader does not disclose what the particular 'article or thing' is about which the defendant gave information to the addressee.

"The language of the section in question, already set out, makes any article or thing designed or intended for the prevention of conception nonmailable, and it is first made an offense against the United States to mail any 'such article or thing.' Suppose the indictment had charged the defendant with having mailed 'an article or thing designed or intended for the prevention of conception,' without any specification as to what that article or thing was; could it be contended for a moment that the defendant was thereby duly informed of the nature and cause of the accusation against him, within the meaning of the constitutional guaranty to that effect? Could it be successfully contended that he was thereby so furnished with such a description of the charge against him as would enable him to make his defense, or avail himself of his conviction or acquittal as a protection against further prosecution for the same cause, within the meaning of the leading case on that subject of United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588?

"These questions seem to answer themselves. The statutes of the states of the Union make the larceny of personal property an offense. Surely it would not be sufficient to charge a defendant in an indictment with 'stealing personal property,' without specifying what the property was. Now, if it is not sufficient pleading to aver that a defendant 'mailed an article or thing designed or intended to prevent conception,' without specification as to what that article or thing was, the same reasoning would, in my opinion, conduce to the conclusion that it would not be sufficient to allege that the defendant mailed a letter informing the addressee where, how, and of whom she might obtain such an article or thing, without specifying what the article or thing was."

We think the foregoing excerpts from the opinion in the above-cited case is not only a correct announcement of the law (Floren v. U. S., 186 Fed. 961, 108 C. C. A. 577; U. S. v. Tubbs [D. C.] 94 Fed. 356–360; U. S. v. Hess, 124 U. S. 483, 486, 487, 8 Sup. Ct. 571, 31 L. Ed. 516; Evans v. U. S., 153 U. S. 584, 587, 14 Sup. Ct. 934, 38 L. Ed. 830; Brown v. U. S., 143 Fed. 60, 62, 74 C. C. A. 214), but particularly applicable in this case to the count under consideration. As stated, this count in no respect attempts to identify the letter alleged to have been mailed, excepting that it was of a filthy and indecent character. It did not in any manner indicate the nature or kind of article inclosed, except that it was an article to prevent conception and calculated to be used or applied for an indecent or immoral purpose. This was clearly insufficient, and the demurrer to the seventh count of the indictment should have been sustained.

The defendant was found guilty, and sentenced by the court on each count to pay a fine of $100 and be imprisoned for a term of 2½ years, the respective sentences of imprisonment to run concurrently. Defendant brings the case here for review.

The court, in its charge to the jury, speaking with reference to the first count, said:

"If you believe from the evidence in this case beyond a reasonable doubt that the defendant did either mail or cause this letter to be mailed to the father of this girl, you will return against him a verdict of guilty."

Later on the court said:

"The thing you will determine all along is whether the defendant mailed or caused them to be mailed to this witness [the name will be omitted]. If so, return your verdict against the defendant."

Later in the charge the court said:

"Consider all the facts and circumstances in this case having any concern whatever as to in any manner violating the law, only ascertaining beyond a reasonable doubt that the defendant did mail these different letters. In each case that you find that he did, return your verdict against the defendant. In case you fail to so find, return a verdict in his favor of not guilty."

The defendant excepted to the above portion of the charge of the court as follows:

"The defendant further specially excepts to the portion of the charge which instructs the jury that they find the defendant guilty in case he mailed or caused to be mailed through the mails, because the indictment does not charge him with causing them to be mailed."

[3, 4] The foregoing portions of the charge should doubtless have included a statement of knowledge by defendant of the contents of the letters, but no objection was made to the charge in that respect; the objection being confined to the statement that if the jury found that defendant mailed or caused the letters to be mailed, and for the reason that the indictment charged the mailing only; that it did not charge defendant with having caused them to be mailed. While the objection is technically correct, we do not think it of such a prejudicial character as to justify a reversal.

Certain requests to charge were made, but we think they were sufficiently covered in the main charge.

Objections were made to the admission and exclusion of certain evidence during the trial. These objections, however, are without merit. Objection was made to certain statements by government's counsel in his argument to the jury. He was, however, promptly, on objection, admonished by the court to refrain from such statements. We do not think, under the circumstances, the statements were of such a prejudicial character as to warrant a reversal of the case.

[5] It is further insisted that the court erred in permitting the letters alleged in the respective counts of the indictment to be taken by the jury to their room without their having been read to the jury or by the jury upon the trial. The court said that he thought, in the interest of justice and decency, in view of the crowded courtroom, that the letters better not be read then to the jury; but he would permit them to be taken by the jury to their room when they retired,

to be read by them. To this procedure defendant made no objection. The letters were introduced in evidence on the trial, seen and inspected by the defendant, and we think the mere matter of the letters being taken by the jury to be read in their room while deliberating upon the case, rather than being read to the jury or by the jury on the trial of the case, was a matter which the defendant could waive. It would be better practice, however, to have the letters either read to the jury, or given to the jury and each one of the jurors required to read them, while the case was on trial, rather than to have them take them to the jury room, to be there first read.

For reasons already given, the judgment based upon count 7 is reversed, and the cause remanded, with directions to sustain the demurrer to the seventh count. In all other respects the judgment is affirmed.