## CARPENTER et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 25, 1924.)

No. 6212.

Indictment and Information ⬡⇒71—Indictment for manufacture and sale of intoxicating liquor held insufficient.

Indictment for sale and manufacture of "intoxicating liquor" in Oneida township, in a certain county, was insufficient, where there was no such township in county, and indictment did not state to whom sale was made, what kind of liquor was sold, or any other circumstance or fact tending to identify particular offense.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

At law. George A. Carpenter and others were convicted of violation of the National Prohibition Act, and bring error. Reversed.

George G. Chapin, of St. Paul, Minn. (George Ogilvie, of St. Paul, Minn., on the brief), for plaintiffs in error.

Leland W. Scott, Asst. U. S. Atty., of St. Paul, Minn. (Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before SANBORN and LEWIS, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge. The defendant was indicted for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) in two counts. The defendant demurred to both counts of the indictment, which demurrer was by the court overruled, to which the defendant duly excepted. At the close of the trial the defendant moved to dismiss for a variance between the proof offered and the allegations of the indictment, which motion was overruled and exception allowed. A verdict of guilty was returned, and the defendant given a jail sentence of six months on each of the two counts, same to run concurrently. Defendant brings the case to this court on error, assigning 17 different errors, 13 of which are based upon the overruling of the demurrer, 1 upon the defendant's motion to dismiss on account of variance, 1 general on account of the denial of motion to dismiss, 1 for failure to direct a verdict for defendant, and 1 upon the charge given the jury. All of the assignments of errors may be disposed of by a consideration of the sufficiency of the indictment.

Count 1 charges that on the 1st day of June, 1922, in Oneida township, county of Washington, state of Minnesota, defendant did sell certain intoxicating liquor containing more than one-half of 1 per cent. of alcohol, and count 2 charges that on the 1st day of June, 1922, in Oneida township, county of Washington, state of Minnesota, defendant did manufacture certain intoxicating liquor containing more than one-half of 1 per cent. of alcohol. The evidence shows without controversy that there is no such township as Oneida township in Washington county, Minn. Therefore the place was altogether indefinite. The indictment does not state to whom the sale was made, what kind of liquor was sold, or any other circumstance or fact tending to identify the particular offense. As said in Goldberg v. United States (C. C. A.) 277 Fed. 211: "The true test of the sufficiency of an indictment is that it sets forth the facts which the pleader claims constitute the alleged transgression so distinctly as to advise the accused of the charge which he has to meet and give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may be able to determine whether the facts there stated are sufficient to support a conviction." It seems to us that neither of the counts in question meets

this test. Had defendant been indicted at the next term of court, and an indictment returned in the identical language above stated, defendant could not but conjecture as to whether he was again being tried for the previous offense. If such an indictment were to be held good, defendant could be tried first for selling whisky at one place to one person, and again under an identical indictment tried for selling beer to another person, and so on almost definitely.

Defendant in error cites Ackley v. United States, 200 Fed. 217, 118 C. C. A. 403, and contends: "The crime denounced by section 3, supra [National Prohibition Act], and charged in the indictment, is a statutory crime, and the rule of pleading laid down by this court is that the indictment must follow the statute creating the offense, and that an indictment is sufficient if the averments are in the language of the statute, unless generic or general or common-law terms are used, in which case the indictment must be more specific, so that a defendant of ordinary understanding may comprehend what is charged." But this very rule condemns the instant indictment. Intoxicating liquor is a generic and general term. It includes by the very terms of the act a long category of different beverages. But, even so, these counts, in addition to their generic description of the liquor, fail to state that it was sold or manufactured for beverage purposes, or that it contained the prohibited per cent. of alcohol by volume. We do not mean to imply that all of these particulars must be set forth in an indictment, or indeed any particular one of them, but the indictment must allege such facts as to distinguish and identify the particular offense to such an extent as to comply with the rule so frequently stated and reiterated in Goldberg v. United States, supra.

We think the trial court erred in holding the indictment in this case sufficient, and that the case should be and is reversed.