# LYNCH v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 25, 1925.)

No. 6800.

1. **Indictment and information** ⬳71—Rule as to sufficiency of charge in indictment stated.

In view of presumed innocence, defendant is not only entitled to know from indictment, with reasonable particularity, facts considered sufficient to make him guilty, but is entitled to have indictment charge essential facts so specifically that judgment rendered will be a complete defense to second prosecution.

2. **Indictment and information** ⬳150—Rule governing consideration of demurrer to indictment stated.

Demurrer to indictment must be considered on presumption that defendant does not know facts on which charge is founded, is unable to procure and present evidence in defense, and is deprived of reasonable opportunity to defend, unless indictment clearly discloses earmarks, circumstances, and facts surrounding case.

3. **Indians** ⬳38(4)—Allegation as to time of possession of liquor in Indian country held insufficient.

Indictment charging possession of liquor in Indian country "on or about the 7th day of

December, 1922," *held* insufficient, as not identifying occasion referred to, since prosecutor could prove commission of offense at any time within three years before filing of indictment.

**4. Indictment and information ⊚⟶150—In determining sufficiency of facts alleged to make available judgment against defendant in defense of another prosecution for same offense, indictment and possible judgment alone can be considered, evidence being prospective and unknown.**

In determining, on a motion to quash or on a demurrer, the sufficiency of the facts alleged to enable the defendant to avail himself of a judgment against him in defense of another prosecution for the same offense, the indictment and possible judgment alone can be considered, for the evidence is prospective and unknown.

**5. Indians ⊚⟶38(4)—Indictment for possessing liquor in Indian country held insufficient.**

Indictment charging that "at Pawhuska, in Osage county, in the Western district of the state of Oklahoma," defendant had in his possession "one . (1) pint of whisky, in and upon Indian country, to wit, Osage county, Oklahoma," *held* insufficient, as not stating exact place of, persons present at, and circumstances surrounding, alleged offense.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

H. L. Lynch was convicted of possession of intoxicating liquor in Indian country, and he brings error. Reversed and remanded.

Horsley & Stith and B. C. Trice, all of Pawhuska, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN and KENYON, Circuit Judges, and SCOTT, District Judge.

WALTER H. SANBORN, Circuit Judge. Plaintiff in error was tried and convicted in the District Court of the United States for the Western District of Oklahoma upon an indictment charging possession of intoxicating liquors in Indian country, to wit, Pawhuska, Osage county, Oklahoma. A motion to quash the indictment, for the reason that it failed to state facts sufficient to constitute an offense under the laws and statutes of the United States, and that the act under which the indictment was found was in conflict with the Eighteenth Amendment of the Constitution of the United States, was overruled by the court. Nine assignments of error are filed, some merely formal.

The first assignment of error is as follows: "Because the court erred in overruling the defendant's motion to set aside, vacate, and quash the indictment herein." This raises the question as to the action of the court on the motion, made in seasonable and proper time, to quash the indictment. In view of our conclusion as to this, it is unnecessary to discuss the other assignments of error. We turn therefore to the indictment. Laying aside the formal parts thereof it charges: "That heretofore, to wit, on or about the 7th day of December, 1922, at Pawhuska, in Osage county, in the Western district of the state of Oklahoma, and within the jurisdiction of this court, H. L. Lynch, whose more full, true, and correct name is to the grand jurors unknown, then and there being, did then and there knowingly, willfully, and feloniously have in his possession certain intoxicating liquors, to wit, one (1) pint of whisky, in and upon Indian country, to wit, Osage county, Oklahoma."

Is this a sufficient statement of the alleged crime? This court has many times stated the fact essentials of a valid indictment. In Miller et al. v. United States, 133 F. 337, 341, 66 C. C. A. 399, 403, it said: "It must set forth the facts which the pleader claims constitute the alleged transgression so distinctly as to advise the accused of the charge which he has to meet, so fully as to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same crime, and so clearly that the court, upon an examination of the indictment, may be able to determine whether or not, under the law, the facts there stated are sufficient to support a conviction." Again the same doctrine is enunciated in Fontana v. United States (C. C. A.) 262 F. 283; Goldberg v. United States (C. C. A.) 277 F. 211; Weisman v. United States (C. C. A.) 1 F.(2d) 696; Armour Packing Co. v. United States, 153 F. 1, 17, 82 C. C. A. 135, 14 L. R. A. (N. S.) 400.

In United States v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516, the Supreme Court declared: "The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." [1] The defendant in a criminal case, in view of his presumed innocence, is not only

entitled to know from the statements of the indictment what facts the prosecution considers sufficient to make him guilty of the offense charged, with reasonable particularity, so that he may procure witnesses and make proper defense thereto, but he is also entitled to demand that the indictment charge the essential facts so specifically that the judgment rendered will be a complete defense to a second prosecution for the same offense. United States v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516; Armour Packing Co. v. United States, 153 F. 1, 82 C. C. A. 135, 14 L. R. A. (N. S.) 400; Floren v. United States, 186 F. 961, 108 C. C. A. 577. In the light of the decisions referred to and the foregoing observations, does the indictment meet the legal test? Does it set forth the facts, which the pleader claimed constituted the offense in this case, so distinctly as to appraise the defendant of the charge he had to meet, and so completely as to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense?

The consideration and answering of these questions must be made under and in accordance with these established rules and principles.

[2] First. Where one is indicted for a serious offense, the legal presumption is that he is not guilty; that he is ignorant of the supposed facts upon which the charge is founded. A demurrer to the indictment must be considered and determined on that presumption, on the presumption that the defendant does not know the facts that the prosecutor thinks make him guilty, and that he is unable to procure and present the evidence in his defense and is deprived of all reasonable opportunity to defend unless the indictment clearly discloses the earmarks, the circumstances and facts surrounding the case of the alleged offense, so that the defendant can identify, procure witnesses and make defense to it. Fontana v. United States (C. C. A.) 262 F. 283, 287; Miller v. United States, 133 F. 337, 341, 66 C. C. A. 399.

[3] Second. The time of the alleged offense stated in the indictment in this case, December 7, 1922, gives the defendant no notice or information that enables him to prepare his defense and in no way identifies the occasion referred to, because under that averment the prosecutor is privileged to prove the alleged offense, in this case the defendant's possession of the whisky, at any time within the three years prior to the filing of the indictment, which constituted the time before the statute of limitations ran. Winters v. United States, 201 F. 845, 847, 120 C. C. A. 175; Carpenter v. United States (C. C. A.) 1 F.(2d) 314.

[4] Third. In determining the question whether or not the indictment set forth the facts which the prosecutor claimed constituted the offense so particularly as to enable the defendant to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, the indictment and the judgment alone can be considered. The evidence cannot be considered because the evidence does not become a part of the judgment. Fontana v. United States (C. C. A.) 262 F. 283, 286; Floren v. United States, 186 F. 961, 962, 964, 108 C. C. A. 577; Winters v. United States, 201 F. 845, 848, 120 C. C. A. 175.

[5] So it was that because under this indictment the prosecutor might prove the possession of the pint of whisky by the defendant at any time within three years prior to the filing of the indictment, that document gave the defendant no information when within those three years the prosecutor would seek to prove the alleged offense. Pawhuska in Osage county, Oklahoma, is not an inconsiderable city; it covers a considerable area, has many residences, many places of business, many stores, many places where one might have the possession of a pint of whisky. The indictment gave the defendant no information at what place in that city, whether in his residence, in some store, on some street, in some restaurant or hotel, or in some other place in that city, the United States would endeavor to prove that the defendant had possession of the pint of whisky. The defendant could not have had that possession on any occasion when that occasion was not capable of identification, either by surrounding circumstances, persons or other earmarks, which would have given the defendant notice of the occasion on which the prosecutor would attempt to prove the offense charged. And the latter knew when the indictment was drawn what that occasion was, the time, place, circumstances surrounding it, persons present, the identifying earmarks of that occasion. Nevertheless the only information on this subject given the defendant by the indictment was that he had this whisky in his possession at some time within three years prior to the filing of the indictment at some place in the city of Pawhuska. If the United States had set forth in this indictment substantial identifying facts of the time, place or occasion where

it would attempt to prove the possession of the whisky, such as that it was on Kihika street, near Main street, in Pawhuska, about the middle of the block, in an automobile, in the presence of T. A. Hubbard, George Blaine, and Mr. Strong, or any other distinctive earmarks of the time, place, or occasion, the indictment might well have been sustained. Such information would have enabled the defendant to investigate the charge, to learn who were and who were not present on the occasion, hence who were possible witnesses, to investigate the entire matter and to prepare his defense to the charge. But there was nothing of this kind in this indictment. Under it the defendant might have been called to meet testimony that at any time of day or night within three years of the filing of the indictment, at any place in the city of Pawhuska, he had possession of this pint of whisky.

Were a subsequent prosecution brought for the same offense a judgment of conviction or acquittal under this indictment would avail the defendant nothing. The identity of the offenses would be a matter of conjecture. The indictment and judgment in this case if offered in a subsequent trial for the same offense would fit many different occasions. There would be nothing to show that the alleged offenses were identical. We are satisfied the motion to quash the indictment should have been sustained, and that the failure so to do was serious and prejudicial error. The other questions raised by the assignment of errors need not therefore be discussed.

The judgment is reversed, and the case remanded for proceedings in harmony with this opinion.