552

## UNITED STATES v. WALLACE.

District Court, D. Delaware.   November 11, 1929.

No. 21.

Leonard E. Wales, U. S. Atty., of Wilmington, Del.

Howard Duane (of Marvel, Morford & Ward), of Wilmington, Del., for defendant.

MORRIS, District Judge. ▌▌ The motion here presented to quash the indictment against the defendant rests upon the contention that each of the two counts of the indictment is lacking in definiteness and certainty, in that, while they specify the nature of the offense with which the defendant is charged, they do not contain allegations sufficient to point out and identify the particular transactions he is required to meet, and, consequently, do not enable the defendant to prepare his defense, and are not of a character to protect him from subsequent prosecutions for the same offenses. Each count alleges that, at about a specified hour of a day stated, the defendant sold at 517 East Fourth street in this city intoxicating liquor, to wit, whisky, fit for use for beverage purposes, and containing more than one-half of one per centum of alcohol by volume.

At common law, the allegation of the day, month, and year of the commission of the alleged crime constituted one means for identifying the particular offense with which a defendant was charged. Clark's Criminal Procedure, p. 278. The common-law rule has, however, long since failed to accomplish the object of its existence. The allegation of time no longer informs the defendant of the particular transaction for which he is to be prosecuted, but actually frustrates that object, for another rule, namely, that at the trial proof that the offense was committed upon the day alleged is unnecessary, and that proof of any day before the finding of the indictment and within the statute of limitations will suffice for conviction, is now dominant. Ledbetter v. U. S., 170 U. S. 606–612, 18 S. Ct. 774, 42 L. Ed. 1162; Fontana v. U. S., 262 F. 283 (C. C. A. 8); Floren v. U. S., 186 F. 961 (C. C. A. 8); Turk v. U. S., 20 F.(2d) 129 (C. C. A. 8); Partson v. U. S., 20 F.(2d) 127 (C. C. A. 8).

As a consequence, in the indictment against the defendant the only identifying earmarks of the particular offenses with which the defendant is charged are those designating the kind of liquor sold and the place of its sale. Standing alone, these allegations do not reasonably identify the particular offenses intended to be proved. Some additional distinguishing fact is needed. Jarl v. U. S., 19 F.(2d) 891 (C. C. A. 8); Lynch v. U. S., 10 F.(2d) 947 (C. C. A. 8); Davis v. U. S., 24 F.(2d) 814 (C. C. A. 8).

The motion to quash must be sustained.