UNITED STATES v. PUPKE.

(District Court, E. D. Missouri, E. D. November 16, 1904.)

1. OFFENSE AGAINST POSTAL LAWS—SENDING NONMAILABLE MATTER—INDICTMENT.

An indictment under Rev. St. § 3893, as amended by Act Sept. 26, 1888, c. 1039, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], charging the mailing of a letter giving information where and from whom an article or thing designed and intended for the prevention of conception might be obtained, must state what the particular "article or thing" consisted of; describing it with at least such particularity that the accused may not only know the particular charge against him, but may be able to plead the judgment of conviction or acquittal in bar of a second prosecution.

On Demurrer to Indictment.

David Patterson Dyer, U. S. Dist. Atty.

Chester H. Krum, for defendant.

ADAMS, District Judge. This is an indictment for a violation of the provisions of section 3893 of the Revised Statutes of the United States, as amended by the act of September 26, 1888, c. 1039, § 2, 25 Stat. 496 (Supplement, vol. 1, p. 621 [U. S. Comp. St. 1901, p. 2658]). The section as amended, so far as it is necessary for our present purpose, is as follows:

"Every article or thing designed or intended for the prevention of conception * * * and every written or printed card, letter, circular, book, pamphlet, advertisement or notice of any kind, giving information directly or indirectly, where or how, or of whom, or by what means any of the hereinbefore mentioned * * * articles or things may be obtained or made * * * are hereby declared to be non-mailable. * * * And any person who shall knowingly deposit or cause to be deposited for mailing or delivery, anything declared by this section to be non-mailable matter," shall be punished as provided in the act.

The accused is charged under this section, after appropriate averments of time and place, in the following language:

"Did then and there unlawfully and feloniously deposit and cause to be deposited [in the St. Louis post office for mailing and delivery] a certain letter and writing giving information to one Miss Effie Williams where, how, and of whom, and by what means, an article or thing designed and intended for the prevention of conception might be obtained."

The letter is then set out, with appropriate averments as to the time of its mailing and its destination, but the letter in no wise states what the particular article or thing consisted of. It refers to the fact that the accused has inclosed to the addressee a copy of "Our Hydro System." The sufficiency of this indictment is challenged by demurrer, and the point made against it is that the pleader does not disclose what the particular "article or thing" is, about which the defendant gave information to the addressee.

The language of the section in question, already set out, makes any "article or thing designed or intended for the prevention of conception" nonmailable, and it is first made an offense against the United States to mail any "such article or thing." Suppose the indictment had charged the defendant with having mailed "an article or thing designed or intended for the prevention of conception," without any specification as to what that article or thing was. Could it be contended for a moment that the defendant was thereby duly informed of the nature and cause of the accusation against him, within the meaning of the constitutional guaranty to that effect? Could it be successfully contended that he was thereby so furnished with such a description of the charge against him as would enable him to make his defense, or avail himself of his conviction or acquittal as a protection against further prosecution for the same cause, within the meaning of the leading case on that subject, of United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588?

These questions seem to answer themselves. The statutes of the states of the Union make the larceny of personal property an offense. Surely it would not be sufficient to charge a defendant in an indictment with "stealing personal property," without specifying what the property was. Now, if it is not sufficient pleading to aver that a defendant "mailed an article or thing designed or intended to prevent conception," without any specification as to what that article or thing was, the same reasoning would, in my opinion, conduce to the conclusion that it would not be sufficient to allege that the defendant mailed a letter informing the addressee where, how, or of whom she might obtain such an article or thing, without specifying what the article or thing was.

The act of Congress in question first prohibits the mailing of any article or thing designed or intended to prevent conception, and in the same connection, and as a part of the same clause, prohibits the mailing of any letter, etc., giving information how or where any of "the hereinbefore mentioned articles or things may be obtained." The existence of the prescribed article or thing is just as essential to constitute an offense under the second clause, relating to giving information, as under the first clause, relating to mailing the same thing; and it seems to me it is just as important to describe the article or thing in an indictment against a person for violating the second clause as for violating the first. The offense does not consist merely in giving information generally,

nor does it consist of giving information how to prevent conception, but it consists of these two elements and one more, namely, giving information about a certain thing. The offense, therefore, has three elements: (1) The giving of information, (2) about a certain thing, and (3) that thing must be one designed or intended to prevent conception. Obviously, therefore, the article or thing must be as specifically described as the fact of giving information.

The statutes of the United States denounce the counterfeiting of coin or bars in resemblance or similitude of the genuine gold or silver coins of the United States. Under this statute it has always been held that there must be a specification in the indictment of the particular coin counterfeited; otherwise the defendant could not be informed of the nature and cause of the accusation against him, so as to enable him to make his defense, or avail himself of his conviction or acquittal as a shield against further prosecution. Applying the analogy of that kind of a case, it is clear, I think, that the article or thing which is one of the elements of the crime must be so defined and so particularized that the defendant may not only know the particular charge against him, but may be able, after conviction or acquittal, to avail himself of either as a shield against further prosecution with relation to that particular article or thing. It may not always be possible to describe the article or thing with great particularity, but enough can obviously be said to fairly advise the accused of what he is charged.

In this case the copy of the booklet called "Our Hydro System," referred to in the letter addressed to Effie Williams, doubtless sufficiently refers to "the article or thing" to enable the pleader to describe it. If such is not the case, it is probable that the information imparted would not be very valuable to the recipient of the letter, or sufficient to constitute a crime under the statute.

The demurrer is sustained.