**UNITED STATES v. FERRANTI.**

Cr. No. 1401.

District Court, D. New Jersey.
Aug. 22, 1944.

Charles A. Stanziale, of Trenton, N. J., for the United States.

Abraham Mayer, of Newark, N. J., for defendant.

TIMMERMAN, District Judge.

This case was heard by me in Newark, New Jersey, July 18, 1944, on the defendant's motion to quash the indictment and his alternative motion to require the Government to elect as to which of the counts it would try together.

The indictment contains nineteen (19) counts. Eighteen (18) of them relate to alleged sales of poultry in violation of Section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 904 (a), and Regulation No. 269. The nineteenth (19th) count charges the defendant with a violation of said Act and Regulation as amended, in that he failed to keep for inspection complete and accurate records of sales and deliveries of poultry and failed to include in said records the price paid or received for the same.

The motion to quash is predicated upon four (4) grounds of attack, but upon the hearing the fourth ground was abandoned.

We are now concerned with only the three (3) grounds, which read as follows:

"1. That the facts stated in the said indictment do not constitute a crime.

"2. That the crimes alleged in the various counts in the indictment are in no wise parts of the same transaction and the proofs for the Government and for the defendant will depend upon evidence of different facts as to each or some of them; that there is no connection in respect of time, place or occasion between the various crimes alleged in the indictment.

"3. That Count 19 does not allege a crime under the Emergency Price Control Act of 1942."

The first eighteen counts will be considered together. These counts allege offenses as occurring during the months of April, March and May, 1943, all within a period of less than sixty days. The first count will serve to illustrate the nature of the charges made against the defendant as it differs from the other seventeen counts only as to date, the person to whom it is alleged the poultry was sold, the poundage thereof, the price at which sold and the alleged ceiling price. The first count charges that the defendant, *"on or about* the 9th day of April, in the year 1943, at Newark, in the county of Essex and State and District of New Jersey, and within the jurisdiction of this court, * * * in violation of Section 4 (a) of the Emergency Price Control Act of 1942, and Revised Maximum Price Regulation No. 269, 'poultry,' as amended, did knowingly, willfully and unlawfully sell and deliver at wholesale to Joseph Betz and Fred Betz, Co-partners trading under the firm name and style of Betz & Betz, at New Jersey Highway, Route 29, Springfield, New Jersey, a quantity of live poultry in excess of the price permitted by said Regulation, to-wit:—440 pounds of poultry designated by the said Regulation as 'fryers' at the price per pound of 34¢ * * *, the maximum price permitted by said Regulation * * *, being 31¢ per pound." (Emphasis added)

The general issue made by the motion to quash is "that the indictment herein is not sufficient in law to require the defendant to plead thereto." There can be no doubt that the defendant may rightfully claim the constitutional privilege of being fully "informed of the nature and cause of the accusation" against him. U. S. Constitution, Amendment 6. The principle of law thus embodied in the Constitution amounts in substance to a re-affirmation of essential common law principles. However, it is stronger than the common law because, being in the Constitution, it may not be changed or modified by either legislative enactment or court construction. So the real issue now before the Court is whether the defendant has been fully informed of the nature and cause of the accusation made against him. No element of the crime charged must be left to conjecture or surmise. As stated in United States v. Potter, 1 Cir., 56 F. 83, at page 89: "While it is ordinarily enough that the indictment declares an offense in the language of the statute, as has many times been said by all the courts, this is not universally true, and does not excuse the prosecutor from setting out every essential element constituting the crime. In order to properly inform the accused of the 'nature and cause of the accusation,' within the meaning of the constitution and of the rules of the common law, a little thought will make it plain, not only to the legal, but to all other educated, minds, that not only must all the elements of the offense be stated in the indictment, but that also they must be stated with clearness and certainty, and with a sufficient degree of particularity to identify the transaction to which the indictment relates as to place, persons, things, and other details. The accused must receive sufficient information to enable him to reasonably understand, not only the nature of the offense, but the particular act or acts touching which he must be prepared with his proof; and when his liberty, and perhaps his life, are at stake, he is not to be left so scantily informed as to cause him to rest his defense upon the hypothesis that he is charged with a certain act or series of acts, with the hazard of being surprised by proofs on the part of the prosecution of an entirely different act or series of acts, at least so far as such surprise can be avoided by reasonable particularity and fullness of description of the alleged offense." See United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588.

To the same general effect is the case of Fontana v. United States, 9 Cir., 262 F. 283, wherein it is said at page 286:

"The basic principle of English and American jurisprudence is that no man shall be deprived of life, liberty, or property without due process of law; and notice of the charge or claim against him,

not only sufficient to inform him that there is a charge or claim, but so distinct and specific as clearly to advise him what he has to meet, and to give him a fair and reasonable opportunity to prepare his defense, is an indispensable element of that process. When one is indicted for a serious offense, the presumption is that he is innocent thereof, and consequently that he is ignorant of the facts on which the pleader founds his charges, and it is a fundamental rule that the sufficiency of an indictment must be tested on the presumption that the defendant is innocent of it and has no knowledge of the facts charged against him in the pleading. Miller v. United States, 8 Cir., 133 F. 337, 341, 66 C.C.A. 399, 403; Naftzger v. United States, 8 Cir., 200 F. 494, 502, 118 C.C.A. 598, 604.

"It is essential to the sufficiency of an indictment that it set forth the facts which the pleader claims constitute the alleged transgression, so distinctly as to advise the accused of the charge which he has to meet, and to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may be able to determine whether or not the facts there stated are sufficient to support a conviction. United States v. Britton, 107 U.S. 655, 669, 670, 2 S.Ct. 512, 27 L.Ed. 520; United States v. Hess, 124 U.S. 483, 488, 8 S.Ct. 571, 31 L. Ed. 516; Miller v. United States, 8 Cir., 133 F. 337, 341, 66 C.C.A. 399, 403; Armour Pkg. Co. v. United States, 8 Cir., 153 F. 1, 16, 17, 82 C.C.A. 135, 150, 151, 14 L.R.A.,N.S., 400; Etheredge v. United States, 5 Cir., 186 F. 434, 108 C.C.A. 356; Winters v. United States, 8 Cir., 201 F. 845, 848, 120 C.C.A. 175, 178; Horn v. United States, 8 Cir., 182 F. 721, 722, 105 C.C.A. 163, 167." See also United States v. Wagoner, 7 Cir., 143 F.2d 1.

Applying the principles stated in the cited cases, it is obvious that the indictment in the instant case does not fully inform the defendant of the nature and cause of the accusation made against him. To be sure the indictment alleges the prices at which it is claimed the defendant sold the poultry in question and the maximum prices at which the same could have been sold lawfully, but the allegations as to the maximum prices legally allowable are not allegations of facts but of conclusions, based upon undisclosed facts. The maximum price regulation alleged to have been violated does not establish in specific terms maximum prices for poultry; it only prescribes a formula by which such prices may be calculated, once the facts relied on for that purpose are determined. If every fact alleged in the indictment, excluding conclusions, should be admitted, it would not necessarily follow that the defendant is guilty of the crimes charged. What the maximum prices for poultry were on the dates alleged in the indictment will depend on proof of facts not disclosed by the indictment. It is within the range of possibility, if not probability, that the defendant would be entitled to an order dismissing at least some of the counts of the indictment if the facts were known, that is the facts essential to a determination of the ceiling prices for poultry on the dates alleged in the respective counts of the indictment.

Maximum Price Regulation No. 269 has not been a very certain document. One version of it took effect December 18, 1942. It was then amended on March 16, 1943, and again on April 22, 1943. The violations alleged in the indictment range in dates from "on or about March 6, in the year 1943," to "on or about May 3, in the year 1943", three of the violations being alleged to have occurred in March, fourteen in April and one in May. It becomes important, therefore, to know what is meant by the expression "on or about." That information becomes important to the defendant in determining under which amendment of Maximum Price Regulation No. 269 he is to be tried with respect to each of said counts in the indictment. Without that knowledge it would be difficult for him to prepare his defense. It may be too late for him to produce witnesses to answer the Government's charges if he learns the essential details thereof only after he has been put on trial. The manifest disadvantage under which the defendant will labor if he is put to trial on the indictment as it now stands is very definitely illustrated by the allegations contained in the fifteenth count. In this count the defendant is charged with a violation as having occurred "on or about the 20th to the 24th day of April, in the year 1943." Maximum Price Regulation No. 269 as amended March 16, 1943, would be applicable on the 20th day of April, while the amendment of April 22 would be applicable on the 24th. If the defendant can

1006

be forced to trial on such allegations, especially when other facts necessary to constitute the offenses charged are omitted, then the constitutional right of the defendant to be "informed of the nature and cause of the accusation" against him is of no consequence.

Judge Leahy considered an indictment quite similar to the one here under consideration in the case of United States v. Johnson, D.C., 53 F.Supp. 167, and found it to be defective. I agree with his conclusions and treatment of the subject under consideration.

It follows, therefore, that the motion to quash counts one to eighteen, inclusive, should be granted; and it is so ordered.

■ This leaves for consideration the motion of the defendant to quash count nineteen (19). In this connection it is to be noted that this count adopts by reference all of the allegations of the preceding eighteen counts and then alleges that the defendant "on or about the dates aforesaid" (meaning, I take it, the "on or about" dates of the preceding counts), "within the jurisdiction of this court, in violation of Section 4(a) of the * * * Act of 1942, and Revised Maximum Regulation No. 269, * * * did * * * fail to keep for inspection by the Office of Price Administration, complete and accurate records of said sales or delivery of poultry * * *, by failing to include in such record the price paid or received" therefor. The charge thus made is couched substantially in the language of Section 1429.4 of Revised Maximum Price Regulation No. 269, which was put into effect as of December 18, 1942, and which appears to be still of force. The authorities cited above recognize this as a good form of pleading.

Section 4(a) of the Act provides:

"It shall be unlawful * * * for any person * * * to do or omit to do any act, in violation * * * of any regulation, order, or requirement under section 202(b) or section 205(f) * * *." 50 U. S.C.A.Appendix § 904(a).

Section 202(b) of the Act provides:

"The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of dealing with any commodity, * * *, to make and keep records and other documents, and to make reports, and he may require any such person to permit the in-

spection and copying of records and other documents, * * *." 50 U.S.C.A.Appendix § 922(b).

And Section 202(g) provides:

"No person shall be excused from complying with any requirements under this section because of his privilege against self incrimination, but the immunity provisions of the Compulsory Testimony Act of February 11, 1893 (U.S.C., 1934 edition, title 49, sec. 46), shall apply with respect to any individual who specifically claims such privilege." 50 U.S.C.A.Appendix § 922(g).

■ I think that count nineteen (19) charges an offense under the Act and Regulation with sufficient clarity for the defendant to understand the nature and cause thereof and to prepare his defense to meet the same; and further that an acquittal or conviction of said charge would stand in bar and in defense of a like charge, occurring on either the first or last date mentioned in the indictment or at any time between said dates.

The motion to quash this count of the indictment should be refused; and it is so ordered.