IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

December 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RANDY HENSLEY, | * | C.C.A. # 03C01-9703-CR-00106 |
| Appellant, | * | JOHNSON COUNTY |
| VS. | * | Hon. Lynn Brown, Judge |
| STATE OF TENNESSEE, | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Randy Hensley, Pro Se
# 099477 NECC
P.O. Box 5000
Mountain City, TN  37683

For Appellee:

John Knox Walkup
Attorney General and Reporter

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN  37601

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The petitioner, Randy Hensley, appeals the trial court's denial of his petition for habeas corpus relief. The single issue presented for review is whether his indictments for robbery and assault with intent to commit murder, both of which led to convictions,[1] were void for the failure to include all of the essential elements of the crime. In particular, the petitioner argues that his indictments failed to assert the requisite mens rea. It is the contention of the petitioner that, due to the faulty indictments, the trial court lacked jurisdiction to enter a conviction or impose a sentence.

We affirm the judgment of the trial court.

The Greene County indictments at issue provided, in part, as follows:

Count One: [D]id unlawfully and feloniously and forcibly take from the person of another ... [the victim] ... by violence or putting [the victim] in fear. The robbery was accomplished by the use of a deadly weapon.

Count Five: [D]id unlawfully and feloniously and with malice aforethought assault [the victim] with the intent to commit murder in the first degree....

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Habeas corpus relief is available in this state only

---

[1] In count one, the defendant was found guilty as charged and received a life sentence; in count five, the defendant was convicted of the lesser offense of assault and battery and received a sentence of eleven months, twenty-nine days. Habeas corpus relief is inappropriate for count five because that sentence has already been served; the defendant is only incarcerated now for the service of his life sentence. See Tenn. Code Ann. § 29-21-101. We will nevertheless address the merits of the issue.

when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

Tennessee Code Annotated § 39-11-301(c) (1989) provides that "[i]f the definition of an offense within this title does not plainly dispense with the mental element, intent, knowledge or recklessness suffices to establish the culpable mental state." In State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, June 20, 1996), rev'd, _____S.W.2d _____, No. 01-S-01-9701-CC-00005 (Tenn., at Nashville, Nov. 3, 1997), a panel of this court ruled that the statutory offense of rape did not "plainly dispense" with a mens rea of the crime and thus, the indictment, which did not allege a mens rea, did not include an essential element of the offense and was, therefore, void.

On appeal, our supreme court overruled the intermediate court opinion, holding as follows:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> >
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
> >
> > (3) the mental state can be logically inferred from the conduct alleged.

3

Hill, _____S.W.2d_____, slip op. at 3. The court ultimately ruled that the indictment for aggravated rape was sufficient because "the act for which the defendant [was] indicted, 'unlawful sexual penetration' ... is committable only if the principal actor's mens rea is intentional, knowing, or reckless. Thus, the required mental state may be inferred from the nature of the criminal conduct alleged." Id., slip op. at 9.

Generally, an indictment must set forth the elements of the offense. State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992). It is settled law that "[w]hen the indictment or presentment fails to fully state the crime, all subsequent proceedings are void." Id. (citing State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)). The historical significance of the indictment is well documented in the federal courts:

> The general ... and universal rule ... is that all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment or implication, and the charge must be made directly, and not inferentially or by way of recital.

United States v. Hess, 124 U.S. 483, 8 S. Ct. 571, 573 (1888). The provisions of our state and federal constitutions guarantee the criminally accused knowledge of the "nature and cause of the accusation." U. S. Const. amend. VI; Tenn. Const. art I, § 9. "Fair and reasonable notice of the charges against an accused is a fundamental constitutional requirement." State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996). To be sufficient, an indictment must "inform the defendant of the precise charges; ... must enable the trial court upon conviction to enter an appropriate judgment; ... and must protect [the] defendant against double jeopardy." Id. As a matter of fairness, the constitutional requirement is designed to afford the criminally accused with an adequate opportunity to prepare any defense before the

4

trial. See, e.g., Pope v. State, 258 S.W. 775 (Tenn. 1924); Daniel v. State, 50 Tenn. 257 (1871).

Such a rigid rule has occasionally caused harsh results from the perspective of the state. At times, convictions have been set aside even though the prosecution gains no advantage:

> At common law, even the slightest technical defect might fell an indictment. Sir Matthew Hale lamented the strictness with which indictments were viewed as a "blemish and inconvenience of the law" whereby "heinous and crying offenses escape by these unseemly niceties to the reproach of the law, to the shame of the government, and to the encouragement of villainy, and to the dishonor of God." 2 Sir Matthew Hale, The History of the Pleas to the Crown, 193 (London E. Ryder 1800) (1716).

United States v. Wydermyer, 51 F.3d 319, 324 (2d Cir. 1995).

In our view, the indictments in this case satisfy all of the requirements of Hill. Initially, the intermediate court's opinion in Hill was based in part on Tenn. Code Ann. § 39-11-301(c) (1989), which provided that "[a] culpable mental state is required ... unless the definition of the offense plainly dispenses with a mental element." The 1982 Act under which the defendant was convicted contains no similar provision. Thus, the indictment need only set forth the elements of the offenses as they were defined at the time of the unlawful act. See Gregory L. Hatton v. State, No. 02C01-9611-CC-00407, slip op. at 2-3 (Tenn. Crim. App., at Jackson, Feb. 19, 1997).

Robbery was defined as the "felonious and forcible taking from the person of another, ... by violence or putting the person in fear." Tenn. Code Ann. § 39-2-501(a) (repealed 1989). The indictment adequately sets forth those elements, as it alleges the defendant "feloniously and forcibly [took] from the person of another

5

... by violence or putting [the victim] in fear" and that the robbery was "accomplished by the use of a deadly weapon ...."  Moreover, under <u>Hill</u>, the use of force supports the logical inference that the robbery was an intentional act; that the defendant used a deadly weapon to accomplish the act also supports that inference.

The indictment for assault is also sufficient.  Assault with intent to commit murder occurred under the 1982 Act when a person "feloniously and with malice aforethought assault[ed] any person, with intent to commit murder ...."  Tenn. Code Ann. § 39-2-103 (repealed 1989).  This indictment charged that the defendant "did unlawfully and feloniously and with malice aforethought assault ... with the intent to commit murder in the first degree ...."  In our view, that adequately sets forth the elements of the offense as it was defined when the defendant committed the crime.  In the alternative, by use of the rule established in <u>Hill</u>, the phrases "malice aforethought" and "with intent to commit murder" support the inference that the act was intentional.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge

6