IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION

FILED

March 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| KENNETH A. STEELE, | * | C.C.A. # 01C01-9708-CC-00105 |
| Appellant, | * | WAYNE COUNTY |
| VS. | * | Hon. Jim T. Hamilton, Judge |
| STATE OF TENNESSEE, | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Jeffery S. Frensley, Attorney
211 Third Avenue North
P.O. Box 198288
Nashville, TN  37219-8288

For Appellee:

John Knox Walkup
Attorney General and Reporter

Daryl J. Brand
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Stan Lanzo
H.C. Bright
Assistant District Attorneys General
Hamilton County Justice Building
Chattanooga, TN  37402

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

Indicted on twenty-one separate indictments involving eight victims, the petitioner, Kenneth Alan Steele, was convicted on each count. The charges included burglary, armed robbery, aggravated robbery, rape, aggravated assault, assault with intent to commit rape, and theft of property. The Court of Criminal Appeals affirmed the convictions. <u>State v. Kenneth Alan Steele</u>, No. 03C01-9207-CR-00233 (Tenn. Crim. App., at Knoxville, Oct. 13, 1993). Application for permission to appeal to the supreme court was denied.

In this petition for habeas corpus, the petitioner claims that seventeen of the felony indictments were void for the failure to include all of the essential elements of the crime. In particular, the petitioner argues that the indictments failed to assert the requisite mens rea of the crime charged. It is the contention of the petitioner that, due to the faulty indictments, the trial court lacked jurisdiction to enter a conviction or impose a sentence.

We find no error and affirm the judgment of the trial court.

The counts of the indictment under attack are as follows:

(1)     Indictment No. 188342: That the defendant "did unlawfully, feloniously and burglariously break and enter into the dwelling house ... with intent to commit a felony...."

(2)     Indictment No. 188345: That the defendant "did unlawfully engage in sexual penetration (i.e., sexual intercourse) by the use of force or coercion...."

(3)     Indictment No. 188332: That the defendant "did unlawfully, feloniously and forcibly take ... property ... by the use of force and violence ... in violation of [Tenn. Code Ann. §] 39-2-501...."

(4)     Indictment No. 188333: That the defendant "did unlawfully engage in sexual penetration (i.e., sexual

2

intercourse) ... by the use of force or coercion ... in violation of [Tenn. Code Ann. §] 39-2-603...."

(5)     Indictment No. 188334:  That the defendant "did unlawfully, feloniously and burglariously break and enter into the dwelling house ... with intent to commit a felony...."

(6)     Indictment No. 188335:  That the defendant "did unlawfully and feloniously assault ... with intent, feloniously and willfully to commit [r]ape, in violation of [Tenn. Code Ann. §] 39-2-608...."

(7)     Indictment No. 188336:  That the defendant "did unlawfully, feloniously, and forcibly take ... property ... by the use of force and violence ... in violation of [Tenn. Code Ann. §] 39-2-501...."

(8)     Indictment No. 188337:  That the defendant "did unlawfully, feloniously, and burlargiously break and enter into the dwelling house ... with intent to commit a felony...."

(9)     Indictment No. 188338:  That the defendant "did unlawfully, feloniously, and forcibly take ... property ... by the use of force and violence ... in violation of [Tenn. Code Ann. §] 39-2-501...."

(10)    Indictment No. 188340:  That the defendant "did unlawfully, feloniously, and burglariously break and enter into the dwelling house ... with intent to commit a felony...."

(11)    Indictment No. 188329:  That the defendant "did unlawfully, feloniously and forcibly take ... property ... by the use of force and violence ... in  violation of [Tenn. Code Ann. §] 39-2-501...."

(12)    Indictment No. 188331:  That the defendant "did unlawfully engage in sexual penetration, (i.e., sexual intercourse) ... by the use of force or coercion ... in violation of [Tenn. Code Ann. §] 39-2-603...."

(13)    Indictment No. 188341:  That the defendant "did unlawfully enter the habitation ... without ... consent, with intent to commit [t]heft, in violation of [Tenn. Code Ann. §] 39-14-403...."

(14)    Indictment No. 188343:  That the defendant "did unlawfully enter the habitation ... without ... consent, with intent to commit [a]ttempt[ed r]ape, in violation of [Tenn. Code Ann. §] 39-14-403...."

(15)    Indictment No. 188344:  That the defendant "did

unlawfully attempt to engage in sexual penetration ... by the use of force or coercion ... in violation of [Tenn. Code Ann. §] 39-12-101...."

(16)     Indictment No. 188326:  That the defendant "did unlawfully engage in sexual penetration (i.e., sexual intercourse) ... by the use of force or coercion ... in violation of [Tenn. Code Ann. §] 39-13-503."

(17)     Indictment No. 188327:  That the defendant "did unlawfully enter the habitation ... without ... consent ... with intent to commit [r]ape, in violation of [Tenn. Code Ann. §] 39-14-403...."

On September 12, 1996, the petitioner filed a petition for habeas corpus relief alleging deficiencies in each of these indictments based upon the ruling of this court in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, June 20, 1996), rev'd, 954 S.W.2d 725 (Tenn. 1997).  A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence.  See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969).  Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

Tennessee Code Annotated § 39-11-301(c) (1989) provides that "[i]f the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish the culpable mental state."  In Hill, a panel of this court ruled that the statutory offense of rape as defined by the 1989 Act did not "plainly dispense" with a mens rea of the crime and thus the

4

indictment, which did not allege a mens rea, was void for failure to allege an essential element of the offense. Slip op. at 5-6.

On appeal, our supreme court overruled the intermediate court opinion, holding as follows:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> >
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
> >
> > (3) the mental state can be logically inferred from the conduct alleged.

Hill, 954 S.W.2d at 726-27. The court ultimately ruled that the indictment for aggravated rape was sufficient because "the act for which the defendant [was] indicted, 'unlawful sexual penetrat[ion]' ... is committable only if the principal actor's mens rea is intentional, knowing, or reckless. Thus, the required mental state may be inferred from the nature of the criminal conduct alleged." Id. at 729.

Generally, an indictment must set forth the elements of the offense. State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992). It is settled law that "[w]hen the indictment or presentment fails to fully state the crime, all subsequent proceedings are void." Id. (citing State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)). The historical significance of the indictment is well documented in the federal courts:

5

> The general ... and universal[] rule ... is that all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment or implication, and the charge must be made directly, and not inferentially, or by way of recital.

United States v. Hess, 124 U.S. 483, 486, 8 S. Ct. 571, 573 (1888). The provisions of our state and federal constitutions guarantee the criminally accused knowledge of the "nature and cause of the accusation." U. S. Const. amend. VI; Tenn. Const. art I, § 9. "Fair and reasonable notice of the charges against an accused is a fundamental constitutional requirement." State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996). To be sufficient, an indictment must "inform the defendant of the precise charges; ... must enable the trial court upon conviction to enter an appropriate judgment; ... and must protect [the] defendant against double jeopardy." Id. As a matter of fairness, the constitutional requirement is designed to afford the criminally accused with an adequate opportunity to prepare any defense before the trial. See, e.g., Pope v. State, 258 S.W. 775 (Tenn. 1924); Daniel v. State, 50 Tenn. 257 (1871).

Such a rigid rule has occasionally caused harsh results from the perspective of the state. At times, convictions have been set aside even though the prosecution gains no advantage:

> At common law, even the slightest technical defect might fell an indictment. Sir Matthew Hale lamented the strictness with which indictments were viewed as a "blemish and inconvenience of the law" whereby "heinous and crying offenses escape by these unseemly niceties to the reproach of the law, to the shame of the government, and to the encouragement of villainy, and to the dishonor of God." 2 Sir Matthew Hale, The History of the Pleas to the Crown, 193 (London E. Ryder 1800) (1716).

United States v. Wydermyer, 51 F.3d 319, 324 (2d Cir. 1995).

6

Twelve of the indictments challenged by the petitioner were for offenses committed before November 1, 1989. The opinion of a panel of this court in Hill was based for the most part on Tenn. Code Ann. § 39-11-301(b)(1989), which provided that a "culpable mental state is required ... unless the definition of the offense plainly dispenses with the mental element." The 1982 Act contained no similar provision. The indictments need only set forth the elements of the offenses as they were defined at the time of the unlawful act. See Gregory L. Hatton v. State, No. 02C01-9611-CC-00407, slip op. at 2-3 (Tenn. Crim. App., at Jackson, Feb. 19, 1997). So the twelve under attack were sufficient, in our view, under the prior law.[1] Moreover, nine of the indictments against the petitioner allege that he acted "feloniously."[2] "Feloniously" has been recognized as expressing a culpable mental state. Id.

Four of the indictments against the petitioner allege either "an attempt" or "sexual penetration ... by the use of force or coercion."[3] In our view, that language necessarily implies the required mental state. See State v. John Haws Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App., at Knoxville, Feb. 11, 1997), app. denied, concurring in results only, (Tenn., Oct. 6, 1997). In summary, each of the indictments under challenge adequately set forth the elements of the offense alleged. By the use of the rule established in Hill, the language included in each of the indictments supports the inference that the acts were intentional.

Accordingly, the judgment is affirmed.

---

[1]Indictments No. 188329, 188331 through 188338, 188340, 188342, and 188345.

[2]Indictments No. 188329, 188332, 188334 through 188338, 188340, and 188342.

[3]Indictments No. 188326, 188331, 188333, 188344, and 188345.

_____

Gary R. Wade, Judge

CONCUR:


_____

William M. Barker, Judge


_____

Curwood Witt, Judge

8